## CITY OF WOODWARD, OKL., v. CALDWELL.

No. 1430.

Circuit Court of Appeals, Tenth Circuit.

Nov. 27, 1936.

Chas. R. Alexander, of Woodward, Okl. (W. H. Thomas, of Woodward, Okl., on the brief), for appellant.

John Barry, of Oklahoma City, Okl., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Caldwell brought this action against the City of Woodward to recover on a written contract for legal services rendered to the City.

The case was first tried to the court and jury. At the close of the evidence, counsel for the City made a general motion for a directed verdict in favor of the City. It was overruled and the issues were submitted to the jury. The jury was unable to agree and was discharged by the court. Thereafter counsel entered into the following stipulation:

"Come now the plaintiff and the defendant and jointly stipulate and agree that the above-styled cause, which was tried to a jury at Woodward, Oklahoma, on December 2 and 3, 1935, and which resulted in a mistrial, be submitted to the court upon all the evidence there adduced, and that the court may enter such judgment as it finds should be entered.

"The parties expressly waive further trial or hearing and the right to try said cause to a jury, and request the court to enter judgment upon the evidence that was introduced by the parties on the 2nd and 3rd days of December, 1935.

"In Witness Whereof we have set our hands this 19th day of December, 1935."

During the trial to the court, the City did not raise the question that it was entitled to judgment as a matter of law by request for a declaration of law that it was entitled to judgment, by motion for judgment in its favor or by other like motion.

The court made a general finding in favor of the plaintiff and gave judgment

for $1,250 and costs. The City has appealed.

Counsel for Caldwell was served with a copy of the proposed bill of exceptions on May 15, 1936. It was settled, without notice to him and without opportunity on his part to object to the sufficiency thereof, on May 16, 1936.

Rule 8 of the Rules of the United States District Court for the Western District of Oklahoma reads:

"Bills of exception shall be served on opposing counsel five days in advance of the time allowed for presentation to the judge. Within the five days all objections thereto shall be specifically pointed out in writing and served on counsel proposing the bill."

Caldwell has moved to strike the bill of exceptions on the ground that the above rule was not complied with and the bill of exceptions omits evidence introduced at the trial essential to establish his cause of action. We think the motion is well taken and that the bill of exceptions should not be considered.

There is another reason why the sufficiency of the evidence to support the general finding is not open to review. The City did not present that question to the trial court and invoke its ruling thereon during the trial.

It is urged that the motion made for a directed verdict on the trial to the jury should be regarded as having been again presented after the jury was waived and during the trial to the court. The record does not support this contention. The stipulation expressly stated the trial court should determine the case on the evidence introduced. It made no reference to questions of law raised and presented during the trial to the jury. Furthermore, after a jury has been discharged for failure to agree the case stands with the issues at large as if no trial had been had. Knorr v. Velva Supply & Machine Co., 60 N.D. 449, 235 N.W. 149; 64 C.J., p. 1051, § 844. See, also, Slocum v. New York Life Ins. Co., 228 U.S. 364, 399, 33 S.Ct. 523, 57 L.Ed. 879, Ann. Cas.1914D, 1029.

In a jury waived case, in the absence of special findings "the general finding * * * is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions." Fleischmann

Const. Co. v. United States, 270 U.S. 349, 355, 46 S.Ct. 284, 287, 70 L.Ed. 624; Boardman v. Toffey, 117 U.S. 271, 6 S.Ct. 734, 29 L.Ed. 898; White v. United States (C.C.A. 10) 48 F.(2d) .178; Harvey Co. v. Malley, 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866.

It follows that we may not review the sufficiency of the evidence to support the judgment.

We may, however, review questions presented on the record proper, as for example, the sufficiency of the pleadings to support the judgment. United States v. Wyoming Central Ass'n (C.C.A.10) 70 F. (2d) 869, 870; Harvey Co. v. Malley, supra.

The petition and reply to the answer and cross-petition alleged the contract and all essential prerequisites to its validity, and we must presume those allegations were established as a matter of fact.

The judgment is therefore affirmed.