EDWARD T. MCCAFFERTY
*vs.*
CHARLES W. GODDARD

Penobscot.   Opinion, April 15, 1957.

*Harry Stern,* for plaintiff.

*John A. Platz,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, JJ. FELLOWS, C. J., sat but retired prior to determination.

TAPLEY, J.   On exceptions.   The plaintiff, Edward T. McCafferty, brought an action of tort against defendant,

Charles W. Goddard. Trial was commenced before a jury in the Superior Court, within and for the County of Penobscot. The plaintiff had presented two witnesses and then called the defendant to the stand as a witness for the plaintiff. Plaintiff's attorney marked for identification "Plaintiff's Exhibit 2" which was a State Police report signed by the defendant and containing, along with other information, defendant's version of the accident. This report was made out and filed in accordance with Sec. 7, Chap. 15, R. S. 1954, as amended by Chap. 306, Sec. 2, P. L. 1955. The attention of the witness was called to the exhibit and he was then asked to identify the signature on the exhibit. After witness identified the signature as his own, plaintiff's attorney endeavored, through the testimony of the witness, to present the contents of the exhibit in so far as they concerned the statement of how the accident happened as given by the defendant and contained in the State Police report. In other words, plaintiff's counsel was endeavoring to present the contents of the State Police report through the witness without offering the report as an exhibit. This procedure was objected to and then ensued colloquy between the court and the attorneys concerning the admissibility of the proposed testimony. According to the record much of this took place before the jury and later further discussion was had in the chambers of the court. Attorney for the defendant made a motion for a mistrial. The presiding justice granted the motion and declared the case a mistrial. Plaintiff took exception to the ruling and order of a mistrial and also to the exclusion of the evidence sought to be introduced by the plaintiff concerning the statements of the defendant as contained in the State Police report.

First consideration must be given to the action of the court in ordering a mistrial. If the plaintiff was not entitled to exceptions to the order of mistrial, then the case is not properly before us. The granting of a mistrial vitiates the entire procedure. *Ferino, et al.* v. *Palmer, et al.*, **52 A.**

(2nd) 433 (Conn.); 88 C. J. S.—trial—Sec. 36 (b). A mistrial is a nugatory trial. *Stern* v. *Wabash R. Co.,* 101 N. Y. S. 181.

*Curley* v. *Boston Herald-Traveler Corp.,* 49 N. E. (2nd) 445, at page 446:

> "There is no relation between the declaring of a mistrial and a nonsuit. A mistrial is declared because of some circumstance indicating that justice may not be done if the trial continues, and it results only in the discharge of the jury and the impanelling of another jury to try the case anew."

There are many cases in Maine concerning exceptions to the refusal to grant mistrials but we find none to the granting of them.

The presiding justice when he declared a mistrial, in effect, said that the trial of the case is brought to an end without a determination of the issues and that the case stands continued to be tried *de novo* at some later date. The plaintiff under these conditions finds himself in the same position as he was before the case went to trial, so he loses no legal rights nor is he aggrieved by the ruling and order of the court in declaring a mistrial.

The case is not properly before us for consideration.

*Exceptions dismissed.*