**John J. BERNAT**

v.

**HANDY BOAT SERVICE, INC.**

and

**Everett A. Richardson.**

Supreme Judicial Court of Maine.

March 20, 1968.

Theodore H. Kurtz, Portland, for plaintiff.

Charlton S. Smith, Portland, for Handy Boat.

Grover G. Alexander and Richard A. Lord, Gray, for Richardson's Boat Yard.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE, WEATHERBEE, JJ.

WEBBER, Justice.

This was a tort action in which plaintiff sought damages from each defendant alleged to have resulted from the sinking of his boat. Defendant Handy asserted a counterclaim against the plaintiff for services and materials alleged to have been supplied. The case was submitted to determination by a jury. At the close of all the evidence each party moved for a directed verdict. The presiding Justice reserved ruling on the several motions pending verdict. The jury failed to agree upon a verdict and was discharged. The defendants each then filed motions for judgment in accordance with their motions for directed verdict pursuant to M.R.C.P., Rule 50(b). The plaintiff filed a like motion as to issues of liability but requesting a new trial limited to the assessment of damages. The presiding Justice, deeming that upon the evidence substantial issues were presented for jury determination, denied all three motions and ordered that the case stand on the docket for a new trial. All parties filed notice of appeal from the order denying motions for judgment.

The plaintiff asserts that appeal at this stage of the proceedings is premature. We agree for reasons which will be made apparent.

 The case in its present posture has never reached the final judgment stage. The jury has not by its own determination reached a verdict. No verdict or judgment has been ordered by the presiding Justice. There is here no more than a mistrial resulting from jury disagreement. Historically it has been recognized that the granting of a mistrial automatically produced a new trial and the case was not ripe for appellate review at that stage. As we said in McCafferty v. Goddard (1957) 152 Me. 415,

417, 131 A.2d 674, "The case is not properly before us for consideration." We have consistently adhered to our final judgment rule and have carefully defined and limited any exceptions thereto. Hazzard v. Westview Golf Club, Inc. (1966) 217 A.2d (Me.) 217; Burt Co. v. Burrowes Corp. (1962) 158 Me. 237, 182 A.2d 481. Neither the automatic new trial which results from jury disagreement nor the denial of a motion for judgment falls within any such stated exception, nor does either produce a final appealable judgment.

■ We are not here dealing with a case reported to the Law Court pursuant to M. R.C.P., Rule 72(a) wherein it is stated in part that the case is reviewable on report "provided that the decision thereof would in at least one alternative finally dispose of the action." The "one alternative" test is not applicable to appeals.

The precise situation has been presented in a number of cases, a substantial majority of which have held appeal is premature and cannot be entertained. Gier v. Clark (1957) 300 S.W.2d (Mo.) 519; Dostal v. Baltimore & O. R. Co. (1948) 3 Cir., 170 F.2d 116; Stewart v. Roberts (1946) 80 App.D.C. 405, 154 F.2d 697; Stormon v. District Court of Pierce County (1949) 76 N.D. 713, 38 N.W. 2d 785; Johnson v. Burmeister (1929) 176 Minn. 302, 223 N.W. 146; Anno. 40 A.L.R. 2d 1284 and cases cited; cf. Pettit v. Stiles Hotel Co. (1958) 97 Ga.App. 137, 102 S.E.2d 693 (made appealable by wording of statute).

We have noted that the order of the presiding Justice denying motions for judgment in accordance with motions for directed verdict was not appealable since no final appealable judgment resulted. With respect to that portion of his order which in effect granted a new trial, Field & McKusick,

Maine Civil Practice, Sec. 59.4, Page 480 states in part: "The situation when the new trial is granted by the trial judge is quite different. Here the federal decisions that the grant of the motion is not an appealable order square with the previous Maine practice under which no review by the Law Court was possible. It may be confidently asserted that when the new trial is granted, there is no appellate review until after a judgment following the new trial. If there was reversible error in granting the motion, it will be open for review on appeal *from the judgment* entered after the new trial." (Emphasis ours) See also Barron & Holtzoff, Federal Practice and Procedure, Vol. 2B, Sec. 1075, Page 387.

We are aware that under almost identical circumstances we entertained an appeal in Emery v. Frateschi (1965) 161 Me. 281, 211 A.2d 578. That case should not be taken as authority for the proposition that an order denying a motion for judgment after jury disagreement is appealable. The issue of appealability was not raised by any party and was not considered by the Court.

In the instant case the result would have been no different if the appeals had been properly before us. We have carefully examined the record before us and find that it amply discloses substantial questions for jury determination. These questions relate to the due care of each of the parties under the factual circumstances here presented, and are not determinable merely as a matter of law.

The entry will be

Appeals dismissed.

Remanded for a new trial.

DUFRESNE, J., sat at argument but did not participate in this decision.