Raymond TIPPS *v.* L. C. MULLIS

74-234                                        519 S.W. 2d 67

Opinion delivered February 17, 1975

*Charles S. Gibson,* for appellant.

*Gill, Clayton & Johnson,* for appellee.

J. FRED JONES, Justice. This is an appeal by Raymond Tipps from a summary judgment for $1,425 rendered by the circuit court as rental money due under a lease entered into by Tipps as lessee and the appellee, L.C. Mullis, as lessor.

The facts appear as follows: Tipps and Mullis entered into a written lease agreement under which Tipps leased a store building in McGehee, Arkansas, from Mullis at $75 per month for a period of five years ending on June 30, 1973. Tipps vacated the premises in December, 1971, and Mullis filed suit seeking a declaratory judgment adjudicating the rights of the parties and for judgment of amounts due under the lease.

The case was tried before a jury and at the conclusion of the evidence Mullis moved for a directed verdict and the motion was denied. The jury was unable to reach a verdict and the trial court declared a mistrial. Before the case was reset for a new trial, Mullis filed a motion for summary judgment to which the appellant responded. The trial court granted appellee Mullis's motion and awarded summary judgment in his favor in the amount of $1,425, together with interest and costs.

The appellant Tipps has designated the following points he relies on for reversal:

"The trial court erred in allowing appellee to move the court for summary judgment after the court had already denied appellee's motion for directed verdict.

The court erred in granting appellee's motion for summary judgment because:

A. Factual issues existed which should have been resolved by a jury trial, and;

B. The court, by construction, varied the literal and express language of the parties' lease."

We find no merit in appellant's first assignment. It is a matter of common judicial knowledge that in many instances motions for directed verdicts are denied and then judgment entered on motion notwithstanding the verdict of a jury. The propriety of the trial court in discharging the jury in this case is not questioned. (Ark. Stat. Ann. § 27-1735 [Repl. 1962]). Under Ark. Stat. Ann. § 27-1736 (Repl. 1962) the case stands ready for a new trial following the discharge of a jury. This section reads as follows:

> "In all cases where the jury are discharged during the trial, or after the cause is submitted to them, it may be tried again immediately or at a future time, as the court may direct."

This section does not mean that the case may or may not be tried again, it means that the trial court can direct *when* the cause is to be tried, immediately or at a future date, not *whether* it can be tried. *Gregory v. Colvin, Judge*, 235 Ark. 1007, 363 S.W.2d 539 (1963). We are of the opinion that the trial judge found and properly applied the law as to the appellant's first point. We quote from the trial court's opinion and adopt his language as our own. In the trial court's written opinion he says:

> "What then is the status of a case after a hung jury? In C.J.S., Volume 89, at paragraph 482, citing as authority City of Woodward v. Caldwell C.C.A. Okla. 86 F. 2d 567, it is said:
>
> 'After the jury have been discharged for failure to agree, the case is terminated with no issue determined and stands as if no trial had been had, *and is ready for retrial immediately or at a future time as directed by the court.*' That which I have underlined is almost identical language employed in 27-1736 Arkansas Statutes Annotated. Further, 'a mistrial is often defined as being equivalent to no trial, certainly there has been no final determination of petitioner's cause of action.' Gregory v. Colvin, 363 S.W. 2d 539."

We hold, therefore, that when the trial court properly dis-

charges a jury because of its inability to agree on a verdict, the same case stands ready for a completely new trial on all issues and subject to the same motions and procedure as if no trial had ever been had.

The conclusion we have reached on the appellant's first point disposes of the question of the propriety of the trial court in *entertaining* the appellee's motion for summary judgment, and we are of the opinion that the trial court did not err in *granting* the motion for summary judgment in this case.

The summary judgment procedure under Ark. Stat. Ann. § 29-211 (Repl. 1962) is now so well established in Arkansas little time need be devoted to it here. It is an adoption of Rule 56 of the Federal Rules of Civil Procedure and provides as follows:

> "A party seeking to recover upon a claim, counterclaim, or crossclaim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits, for a summary judgment in his favor upon all or any part thereof."

We do not agree with the appellant's contention that factual issues existed which should have been resolved by a jury trial, and that the trial court varied the express language of the lease by erroneous construction. The appellee pled the lease agreement between the parties and alleged that appellant had abandoned the leased premises and refused to pay the monthly rental. He sought a declaratory judgment adjudicating the respective rights of the parties under the lease, and prayed judgment for the amount due under the terms of the lease. The appellant answered that the leased premises had become untenable and unfit for occupancy; that appellant was well aware of the condition of the premises and had refused to place such premises in tenable condition. The appellant relied upon the following portion of the lease agreement:

> "DESTRUCTION OF PREMISES: In the event that the building or premises herein leased shall, during the

term of this lease, become destroyed or injured by fire *or any other cause* or casualty *so as to be rendered untenable,* and such injury shall not be repaired by Lessor within sixty days thereafter, it shall be optional with either party hereto to cancel this agreement and terminate this lease, and in such case such cancellation shall be in writing, and the rents shall be paid to the date of such fire or casualty. . . ." (Our emphasis).

The appellant in his answer only alleged that the appellee permitted the leased premises to become untenable. He argues that the phrase "any other cause" in the lease contract includes ordinary deterioration of the building. We agree with the trial court's interpretation of the lease in that the above italicized portion related to becoming destroyed or injured by fire or any other cause or casualty so as to be rendered untenable, did not relate to untenability because of normal wear and tear.

The lease in the case at bar contained a provision pertaining to repairs as follows:

"REPAIRS AND NOTICE: The said Lessee agrees to quit and deliver up the said premises to Lessor peaceably and quietly at the end of the aforesaid term, or at any previous termination of this lease for any cause, in as good order and condition and state of repair, reasonable wear and tear alone excepted, as the same now is or may be placed or put into by Lessor. Lessor agrees to make all necessary repairs to the roof and the exterior of said building, excluding damage to any windows or doors, whether by breakage or otherwise. Lessee agrees to make all minor repairs becoming necessary on account of the use of said premises to the interior of said leased premises, and to make all necessary repairs for damage, by breakage or otherwise, to all windows and doors in said building. The repairs by Lessor, if necessary, shall be made upon notice in writing by Lessee of any such repairs required and Lessor agrees to have same fixed and repaired within seven days from the receipt of said notice or Lessee may have same repaired and deduct the cost of

having same repaired from the rent. Lessor is not to be responsible for any damage from any faulty or leaky roof."

In the appellant's response to the motion for summary judgment, he concludes with a paragraph as follows:

"Defendant states that affirmative defenses to Plaintiff's Complaint have been raised joining issues of fact as a matter of law. Specifically the Defendant has stated by answer that the premises were untenable and unfit for occupation. This is a defense to Plaintiff's cause according to the terms of the lease."

The appellant admitted that he gave no written notice of needed repairs to the building under this provision of the lease agreement, and certainly the lessor would have been entitled to sufficient time to make repairs after such notice. See *Tedstrom v. Puddephatt*, 99 Ark. 193, 137 S.W. 816. Furthermore, this provision of the lease only gave the lessee the right to make repairs and charge them against rent. It did not give him the right to terminate the lease agreement.

The judgment is affirmed.