HELTON CONSTRUCTION COMPANY, INC., Plaintiff–Respondent,

v.

Richard THRIFT and Andrea Michelle McQuay, Defendants–Appellants.

No. 18547.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 16, 1993.

Richard E. Duggan, Sunrise Beach, for defendants-appellants.

Connie J. Clark, Osage Beach, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

Plaintiff Helton Construction Company, Inc., brought this action against defendants Richard Thrift and Andrea McQuay. Count I of the petition sought $3,262.50 for nonpayment of a debt arising from an agreement entered into on August 9, 1985, in which defendants hired plaintiff to perform excavating services on certain land. Plaintiff later abandoned Count I because the debt had been paid.

In Count II, plaintiff sought damages, based on an incident which occurred on August 11, 1985, in which defendant Richard Thrift, without knowledge or consent of plaintiff, operated plaintiff's D7G Caterpillar dozer and damaged it. Count II alleged that Thrift was acting "as agent for, on behalf of, and with the full knowledge and consent of [defendant McQuay]" in the operation of the dozer.

Defendants' answer to Count II contained, in addition to a general denial, the following: "As an [affirmative defense] defendants rely upon the doctrine of accord and satisfaction in that after the dispute arose plaintiff endorsed and cashed a check with a restrictive endorsement, which fully satisfied the disputed claim."

On November 1, 1991, the case proceeded to trial before Judge James A. Franklin, Jr., sitting without a jury. After both sides rested, Judge Franklin declared a mistrial and disqualified himself. On November 4, 1992, the case was tried before Judge Mary Dickerson, sitting without a jury. Plaintiff abandoned Count I. At the conclusion of the evidence, Judge Dickerson entered a judgment, on Count II, of $11,599.43 in favor of plaintiff and against both defendants. Defendants appeal.

Defendants contend: (1) Judge Franklin erred in declaring a mistrial on his own motion; (2) the judgment entered by Judge Dickerson on Count II is not supported by the evidence; (3) defendants were entitled to judgment on Count II, based on accord and satisfaction; (4) the judgment against defendant Andrea McQuay on Count II is invalid because there was no evidence that defendant Thrift acted as her agent in operating plaintiff's dozer.

Defendants' first point is that Judge Franklin erred in declaring a mistrial on his own motion "because in ordering a mistrial and a new trial [1] he was acting as adversary (sic) for the plaintiff and plaintiff was given an unfair advantage over the defendants."

At the trial before Judge Franklin, plaintiff introduced the testimony of three witnesses, including Donald Potts, and both sides introduced exhibits during plaintiff's case in chief. Both sides rested and made arguments.

Judge Franklin then made the following statements:

1. Judge Franklin did not order a new trial. He took no action after disqualifying himself.

"I can't decide the case; I'm ready to say, based on this evidence, that [defendant Thrift] caused damage which could have resulted in these repairs in this amount, but whether, in fact, he did that, based on the testimony that I've heard, I can't say that; I don't have any choice in this case but mistrial this case unless there's further evidence presented; I'm going to mistrial this case before a decision, do it before judgment; I don't have enough evidence before me to say what the amount of [the damage Thrift caused to the dozer] was at this time."

Defense counsel stated: "If that's your decision, I object to it,—make exception."

Judge Franklin then made a docket entry reciting "Mistrial declared; [Judge Franklin] recuses himself."

On November 12, 1991, the case received a trial setting of May 1, 1992, and the attorneys were notified. Later the case was reset for November 4, 1992, when it was tried before Judge Mary Dickerson. At the outset of that trial, the following occurred:

[DEFENSE COUNSEL]: [W]hen this case was originally tried by the court, and I believe it was on November 1 of 1991, the evidence was presented by the plaintiff. And the defense did not present any evidence. So at the close of the case, the court on its own motion declared a mistrial. And it's the defendants' position that the defendants was—the court was acting as an adversary (sic) for the court, for the plaintiff in that case, and declared a mistrial for the sole purpose of allowing the plaintiff to produce more evidence. We feel the court made an error. And that the decision in this case should be based upon the evidence which was presented at that time. And it is an error to continue with this case and allow the plaintiff to present more evidence. For that reason, the defense specifically wants to object to any further proceedings in this case, other than the rulings on the evidence as presented.

THE COURT: All right. That objection is overruled.

Plaintiffs produced the testimony of Lane Helton and Donald Potts. The sole defense witness was defendant Richard Thrift. At the conclusion of the evidence, Judge Dickerson awarded plaintiff judgment of $11,599.43 on Count II against both defendants.

In support of their first point, defendants argue that Judge Franklin abused his discretion in declaring a mistrial, that Judge Franklin "appeared to be an advocate of the plaintiff in that it was obvious that [he] wanted to find for the plaintiff but the plaintiff had not satisfied its burden of proving damages." Defendants further argue that Judge Franklin suggested to plaintiff what had to be proved and then gave plaintiff an opportunity to do so, "even if it meant that plaintiff's evidence would be drastically changed to conform with the trial court's comments and suggestions." Defendants also argue that they had won their case in the first trial because plaintiff had failed in its burden of proof and that plaintiff should not have been given another opportunity "to present an entirely different case."

Neither side cites any Missouri civil case[2] where a losing party, on appeal after a sec-

2. Cases in other jurisdictions hold that a mistrial is in legal effect equivalent to no trial at all, *Tipps v. Mullis,* 257 Ark. 622, 519 S.W.2d 67, 69[3] (1975); *In re Estate of Bartholomae,* 261 Cal. App.2d 839, 68 Cal.Rptr. 332, 334[5] (1968); *Keene Bros. Trucking, Inc. v. Pennell,* 614 So.2d 1083, 1085 (Fla.1993); *Vill. of Lakemoor v. First Bank of Oak Park,* 136 Ill.App.3d 35, 90 Ill.Dec. 731, 734, 482 N.E.2d 1014, 1017[1] (1985); *Baird v. Chicago, R.I. & P.R. Co.,* 61 Iowa 359, 16 N.W. 207, 208 (1883); *Hendrix v. Phillips Petroleum Co.,* 203 Kan. 140, 453 P.2d 486, 496[9] (1969); *McCafferty v. Goddard,* 152 Me. 415, 131 A.2d 674 (1957); *Bolstad v. Paul Bunyan Oil Co.,* 215 Minn. 166, 9 N.W.2d 346, 347[1] (1943); *Hoffer v. Burd,* 78 N.D. 278, 49 N.W.2d 282,

292[22] (1951); *Grooms v. Zander,* 246 S.C. 512, 144 S.E.2d 909, 910[1] (1965); *Wiley v. Joiner,* 223 S.W.2d 539, 543 (Tex.Ct.App.1949); *Coronado Oil Co. v. Grieves,* 642 P.2d 423, 442 (Wyo. 1982); *See* 88 C.J.S. Trial § 36, and that upon a mistrial, the prior proceedings are vitiated and the parties are in the same position as they were before the case went to trial. *Tipps v. Mullis,* 257 Ark. 622, 519 S.W.2d 67, 69[3] (1975); *Vill. of Lakemoor v. First Bank of Oak Park,* 136 Ill. App.3d 35, 90 Ill.Dec. 731, 734, 482 N.E.2d 1014, 1017[1] (1985); *McCafferty v. Goddard,* 152 Me. 415, 131 A.2d 674, 675[2] (1957); *Bolstad v. Paul Bunyan Oil Co.,* 215 Minn. 166, 9 N.W.2d 346, 347 (1943); *Grooms v. Zander,* 246 S.C. 512, 144 S.E.2d 909, 910[1] (1965).

ond trial, challenged the propriety of a declaration of mistrial in the first trial. The research of this court has uncovered no such case. There are, however, principles which govern the disposition of defendant's first point.

■ If no reason for disqualification exists, the trial judge is under a duty to hear the matter "however much he would personally like to remove himself from the case." *Manis v. State*, 659 S.W.2d 337, 339 (Mo.App.1983); *State v. Singh*, 586 S.W.2d 410, 420[21] (Mo.App.1979). A judge has an affirmative duty not to disqualify himself unnecessarily. *Cain v. Hershewe*, 760 S.W.2d 146, 148 (Mo.App.1988). After the trial begins, the trial judge should not disqualify himself in the absence of actual prejudice. *State v. Vermillion*, 486 S.W.2d 437, 441 (Mo.1972). A disqualified judge has no further power to act in a case except to transfer it to another judge. *State v. Van Horn*, 625 S.W.2d 874, 878[7] (Mo.1981). Self-disqualification requires no notice, and disqualification is effective upon the making of the docket entry. *Byrd v. Brown*, 613 S.W.2d 695, 699 (Mo.App.1981).

■ Section 512.020 [3] enumerates the orders, including "any final judgment in the case," from which an aggrieved party may appeal. An order of self-disqualification is not an appealable order, and the same is true of an order declaring a mistrial.

In *State ex rel. Stewart v. McGuire*, 838 S.W.2d 516, 518[1, 2] (Mo.App.1992), this court said:

Mandamus will issue from this Court to a circuit court where the latter refuses to act in respect to a matter within its jurisdiction when it is its duty to act, that is, when its refusal is, in effect, a failure to perform a duty within its jurisdiction. *State ex rel. Tate v. Sevier*, 334 Mo. 771, 68 S.W.2d 50, 54–55[10] (banc 1934). Said another way, where a circuit court, having obtained jurisdiction, refuses to proceed in the exercise thereof to a determination on the merits, and there is no adequate reme-

dy by appeal, it may be compelled to do so by mandamus. *State ex rel. Townsend v. Holtcamp*, 330 Mo. 1101, 55 S.W.2d 428, 429 (banc 1932).

In *State ex rel. Metro. Transp. v. Meyers*, 800 S.W.2d 474, 476 (Mo.App.1990), the court said:

Ordinarily, mandamus is inappropriate as a means of controlling or directing how the trial court's discretion shall be exercised. *State ex rel. Peavey Co. v. Corcoran*, 714 S.W.2d 943, 945 (Mo.App.1986). Mandamus will lie, however, where the trial court's discretion has been exercised arbitrarily or capriciously or in bad faith. *Id.* A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). Reversal by an appellate court requires a finding that the trial court abused its discretion. *Id.*

By their first point, defendants complain of Judge Franklin's declaration of a mistrial but make no mention of his subsequent self-disqualification. If it is assumed, arguendo, that Judge Franklin had an absolute duty to decide the case on the basis of the evidence presented, and to refrain from disqualifying himself, defendants made no effort to enforce such duties by seeking mandamus in an appellate court. Instead, at the commencement of the second trial a year later, defendants requested Judge Dickerson to decide the case based upon the evidence which was presented to Judge Franklin. That request was improper. "Absent stipulation of the parties, a successor judge is without power to render a judgment on testimony and evidence heard by his predecessor." *Lansing v. Lansing*, 736 S.W.2d 554, 558[3] (Mo.App. 1987). To similar effect see *Reinhold v. Fee Fee Trunk Sewer, Inc.*, 664 S.W.2d 599,

---

In criminal cases a mistrial may have double jeopardy implications. *State v. Tolliver*, 839 S.W.2d 296, 299 (Mo.banc 1992).

3. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

602[3] (Mo.App.1984). There was no such stipulation here.

In *Rogers v. Bond,* 839 S.W.2d 292 (Mo. banc 1992), Winston Rogers and Bobby Rogers, his wife, were plaintiffs in a medical malpractice action. The jury returned separate verdicts in favor of both plaintiffs. The trial judge overruled defendant's motion for new trial with respect to Winston's verdict but sustained the motion with respect to Bobby's verdict. At the second trial, held five months later, the verdict was in favor of both defendants. On appeal, Bobby challenged the order granting a new trial of her cause of action. Rejecting that challenge, the court said that Bobby's appeal was too late and that she had failed to appeal from the order granting the motion for new trial. Such an order is appealable, § 512.020. The court said, at p. 293: "The retrial of the case before an appeal is taken waives any error that could have been alleged at that time. It is too late to complain after the second trial produces a different result."

■■■ This court could not, on this appeal, enter judgment based on the evidence adduced before Judge Franklin because the first proceeding did not result in an appealable judgment or order. Judge Dickerson had no authority to render a judgment based on the evidence heard by Judge Franklin because there was no stipulation by the parties which gave her such authority. During the year between the two trials, defendant had the opportunity to challenge, by a mandamus proceeding, the propriety of Judge Franklin's orders of mistrial and self-disqualification. It is unnecessary to determine if such a challenge would have succeeded. This court holds that by failing to seek such relief defendants waived their right, if any, to challenge Judge Franklin's order of a mistrial and self-disqualification. Defendants' first point has no merit.

Defendants' second point is that Judge Dickerson erred in entering judgment in favor of plaintiff and against defendants on Count II "in that plaintiff failed to submit substantial evidence to support plaintiff's claim against defendants, because plaintiff's evidence was conflicting." Specifically, defendants claim that the testimony of Donald Potts at the second trial conflicted in certain respects with his testimony at the first trial.

Defendants rely upon *Hurlock v. Park Lane Medical Center, Inc.,* 709 S.W.2d 872, 880 (Mo.App.1985), where the court said: "[W]here evidence equally supporting two inconsistent and contradictory factual inferences as to ultimate and determinative facts is solely relied on to make a submissible case, there is a failure of proof as the case has not been removed from the tenuous status of speculation, conjecture and surmise."

The flaw in defendants' argument is the language from *Hurlock* refers to contradictory evidence presented *at the same trial.* In *Davidson v. St. Louis–San Francisco Ry. Co.,* 301 Mo. 79, 256 S.W. 169, 171[3] (banc 1923), the court said:

That the plaintiff "doctored" his testimony for this second trial there can be but little question. At which time he told the truth is another question. Respondent contends that under *Steele v. R.R. Co.,* 265 Mo. 97, 175 S.W. 177, the plaintiff should be barred from recovery. Steele's Case stands upon a different basis from this case. The contradictory statements in Steele's Case occurred in the same trial and hearing. Such statements stood as admissions in a case then being heard. It amounted to contradictory admissions at the single trial. In this, it is to be distinguished from the present case. The general rule is that where a plaintiff at one hearing testifies a given way, and at a later hearing testifies to the opposite, it is for the jury to determine what credence it will give to the evidence given before them, as impeached by what such party said at the previous hearing.

See also *Welch v. Hyatt,* 578 S.W.2d 905, 913[4] (Mo.banc 1979); *Gould v. M.F.A. Mutual Insurance Company,* 331 S.W.2d 663, 668[6] (Mo.App.1960). Defendant's second point has no merit.

Defendants' third point is that the trial court erred in failing to find in favor of defendants on the basis of accord and satisfaction "in that plaintiff accepted a negotiated lesser amount than plaintiff claimed, because there was a dispute as to the amount

owed on the account and for the use of the dozer by defendant Thrift."

"The statement of facts [portion of the brief for appellant] shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). All statements of facts "shall have specific page references to the legal file or the transcript." Rule 84.04(h). With exceptions not applicable here, Rule 84.13(a) provides: "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal."

The statement of facts portion of defendants' brief makes no reference to evidence adduced before Judge Dickerson, nor to any page of the legal file or transcript of that proceeding, dealing with the matters on which defendants base their third point. This court, in its discretion under Rule 84.13(c), has reviewed the evidence presented to Judge Dickerson for possible plain error.

■■■ An accord and satisfaction is an agreement between the parties to give and accept something different from that claimed by virtue of the original obligation and both the giving and the acceptance are essential elements. *Bohle v. Sternfels*, 261 S.W.2d 936, 941 (Mo.1953). Generally an acceptance of partial payment in full settlement of a debt is not good as an accord and satisfaction because unsupported by a consideration. *Johnson v. Johnson*, 352 Mo. 787, 179 S.W.2d 605, 609[2] (1944). Where a check has been tendered in payment of an account on express condition that acceptance thereof shall be deemed to be satisfaction in full, and the creditor cashes the check under such circumstances, an accord and satisfaction results notwithstanding protests on his part. *McKee Const. v. Stanley Plumbing*, 828 S.W.2d 700, 701 (Mo.App.1992). Even his striking out or modification of the condition written on the check has been held to be ineffective. *Id.* An accord and satisfaction will be supported by a bona fide dispute or an unliquidated claim. *Edgewater Health Care v. Health Systems*, 752 S.W.2d 860, 868 (Mo.App.1988). Where the claim is unliquidated or in dispute, no additional consideration other than partial payment is necessary to support an accord and satisfaction. *Id.*

There was basically no dispute between the parties with respect to the amount owing by defendants to plaintiff on Count I, and it was a liquidated claim. Defendants' brief in this court says: "The amount which was due in Count I was paid in full." Although the amount sued for on Count I was $3,262.50 and the amount paid by defendants was $3,112.50, plaintiff's evidence showed that the discrepancy was due to a clerical error. Lane Helton, president of plaintiff, testified, "When my wife added up the dollar amount she left two hours off. It was a clerical error. We never did receive that. The difference between the two dollar amounts would be the other two hours."

■■■ Defendants seek to base their point on a cashier's check issued on September 6, 1985, in favor of plaintiff, in the amount of $3,112.50. When that check was originally sent to plaintiff, defendant Thrift placed an endorsement on the back of it which read: "Full satisfaction of all money owed for all work performed, and use of dozer by and for Richard Thrift, from August 4, 1985, approximately, to September 6, 1985." That check, however, was not cashed by plaintiff. On December 9, 1985, defendants obtained reimbursement from the bank of that check, and did so on the representation that the check was lost.

On November 1, 1990, a cashier's check in the amount of $3,112.50, with no restrictive endorsement, was sent to plaintiff's bank for deposit to the account of plaintiff. On the basis of the latter payment, plaintiff did not pursue Count I.

Except for the clerical error, of which defendants make no mention in their brief, there was no dispute concerning the amount owed by defendants on Count I, and the payment ultimately received by plaintiff paid that debt. The record shows that there was no intention of the parties to effect an accord and satisfaction of the claim contained in Count II. Gratuitous review of defendants' third point discloses no plain error.

Defendants' fourth point is that the court erred in entering judgment on Count II against defendant Andrea McQuay because there was no evidence that defendant Thrift

acted as her agent in his operation of plaintiff's dozer.

The trial court, in entering judgment against both defendants, stated, "The court is finding that [defendant McQuay] was present at the time that the work was being done and, therefore, it was done with her knowledge."

Neither of plaintiff's two witnesses was present at the time defendant Thrift operated plaintiff's dozer and damaged it. The only testimony concerning defendant McQuay came from defense witness Richard Thrift who testified that when he operated the dozer McQuay was "in the house."

Although Thrift and McQuay had jointly hired plaintiff to do the excavation work, there was no evidence that defendant McQuay knew that Thrift intended to oper-. ate plaintiff's dozer without plaintiff's consent or that he did so. There was no evidence that McQuay knew that Thrift was capable of operating the dozer or that he had access to it. There was no evidence that McQuay ratified Thrift's use of the dozer. In short, there was no evidence that Thrift's tortious use of the dozer was done with the knowledge, or as the agent, of defendant McQuay.

Plaintiff had the burden of proof on the issue of Thrift's agency for McQuay. *Eyberg v. Shaw,* 773 S.W.2d 887, 890[2] (Mo. App.1989). The existence and scope of agency need not be established by direct and positive evidence, but may be inferred from facts and circumstances in evidence. *Eyberg* at 890[1]. This court holds that the evidence is insufficient to support a finding that Thrift, in operating plaintiff's dozer without plaintiff's consent, and in damaging it, did so as the agent of defendant McQuay.

That portion of the judgment finding in favor of plaintiff and against defendant Andrea McQuay on Count II of plaintiff's petition is reversed, and judgment on Count II is entered against plaintiff and in favor of defendant Andrea McQuay; in all other respects, the judgment is affirmed.

PREWITT and GARRISON, JJ., concur.