**STATE of Missouri, ex rel. Richard Douglas THEXTON, Relator,**

v.

**Honorable Don J. KILLEBREW, Jr., Judge of the Circuit Court of Newton County, Missouri, Division III, Respondent.**

**No. 23467.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 25, 2000.

---

**1.** All statutory citations refer to the 1999 Supplement to the Revised Statutes unless otherwise stated.

Gayle L. Crane, Joplin, for Relator.

John Sims, Sims, Johnson & Wood, Neosho, for Respondent.

KENNETH W. SHRUM, Judge.

Relator seeks a writ of prohibition to disqualify Respondent, the Honorable Don J. Killebrew, Jr., from proceeding in a domestic relations case now pending in the circuit court of Newton County, Missouri. The underlying case involves a motion to modify the child custody, visitation, and support provisions of a dissolution decree. Relator is a party to that litigation.

Respondent is the trial judge who heard and decided the original dissolution of marriage case on June 4, 1998. He is also the trial judge designated to hear the motion to modify which was filed November 22, 1999. On January 12, 2000, Relator filed an "Application for Change of Judge" in the underlying case. Sans caption, title, and signatures, the relevant part of Relator's application reads:

"COMES NOW the ... Movant, Richard Douglas Thexton, by and through his attorney ... and respectfully applies for a change of judge from the Honorable Don J. Killebrew, Jr. in the above-styled cause of action."

On January 13, 2000, Respondent sustained Relator's change of judge application by this docket entry: "Sustained 1/13/00. DJK." This occurred without any indication the litigants or their attorneys were present, or that Relator had given notice of when his change of judge application would be presented to the court.

On January 20, 2000, Respondent purported to set aside his sustension of Relator's change of judge application via this docket entry: "Court's order sustaining ... appl. for change of judge is hereby ordered set aside." Thereon, Relator filed his petition with this court requesting we prohibit Respondent from taking any further action in the dissolution case other than sustaining the request for a change of judge. We issued a preliminary order. We make the preliminary order of prohibition absolute.

## ANALYSIS

With exceptions not relevant here, two rules of procedure govern disqualification of a circuit judge in a civil case. The first is Rule 51.05 which affords a party a preemptory right to disqualification. Specifically, Rule 51.05 provides a party may disqualify a judge by an application which "need not allege or prove any cause for such change." Rule 51.05(a). *See Byrd v. Brown,* 613 S.W.2d 695, 699 (Mo.App.1981). Under this rule, the only prerequisite for obtaining a change of judge is timely application and service of a copy of the application and notice of hearing on the other party. *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 695[4] (Mo. App.1990). To be timely, a Rule 51.05 disqualification application ordinarily must be filed within sixty days of service of process or thirty days from the designation of the trial judge, whichever is longer.

Rule 51.05(b). If the trial judge designation occurs less than thirty days before trial, the application must be filed before any appearance before the trial judge. *Id.*

In 1994, an amendment to Rule 51.05 eliminated the right of preemptory disqualification of judges in certain domestic relations cases. Specifically, Rule 51.05(a) was amended as follows: "[M]otions to modify child custody, child support, or spousal maintenance filed pursuant to chapter 452, RSMo, shall not be deemed to be an independent civil action unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent civil action."

■ The second disqualification procedure is found in Rule 51.07. It authorizes a trial judge to disqualify himself or herself at any time and without specifying the reasons for doing so. *Byrd,* 613 S.W.2d at 699[9]. Under Rule 51.07, the trial judge alone determines his or her own disqualification. *Id.* at 699, n. 6. Self-disqualification by a judge pursuant to Rule 51.07 requires no notice, *Helton Const. Co. v. Thrift,* 865 S.W.2d 419, 422[3] (Mo.App. 1993) and none need be given. *Byrd,* 613 S.W.2d at 699[10].[1]

■■ Here, Relator's change of judge application is terse and generic. It cites no rule or basis for disqualification. Respondent's docket entry is equally terse and provides no clue why he sustained the motion. If we presume Respondent followed the law when he sustained Relator's motion to disqualify—which we will do unless the presumption is refuted by the record—then we must conclude Respondent disqualified himself per Rule 51.07. *See Dycus v. Cross,* 869 S.W.2d 745, 751 (Mo.banc 1994); *Hubbs v. Hubbs,* 870 S.W.2d 901, 907[7] (Mo.App.1994). Such conclusion follows because disqualification pursuant to Rule 51.05 was not an option. First, this was a motion to modify a disso-

lution case in which Respondent was the same judge who tried the initial independent civil action; consequently, the 1994 amendment to Rule 51.05 precluded preemptory disqualification of Respondent via that procedure. *See In re C.N.H.,* 998 S.W.2d 553, 561 (Mo.App.1999). Second, Respondent disqualified himself without affording the other party notice and opportunity to be heard as contemplated and mandated by Rule 51.05.

"The moving party [in a Rule 51.05 disqualification] . . . should notice the other side as to when the motion will be called up, and then present it or call it up before the judge. As mandatory as it is that a *proper* motion for change of judge be sustained, the other party is entitled to notice and an opportunity to be heard, and he may contest the form, timeliness and sufficiency of the motion."

*Matter of Buford,* 577 S.W.2d 809, 827 (Mo.banc 1979).

Because preemptory disqualification via Rule 51.05 was not an option, disqualification per Rule 51.07 was the only way Respondent could have sustained Relator's disqualification application and still have followed the law. Although Relator's application was not timely under Rule 51.05, this did not preclude Relator from requesting that Respondent recuse himself. *See State v. Garner,* 799 S.W.2d 950, 954[1] (Mo.App.1990). Moreover, Relator's application, though untimely as a Rule 51.05 effort, could have prompted Respondent to recuse himself. "A judge is entitled to the presumption that he will not undertake to preside at a trial in which he cannot be impartial." *Ledbetter v. Sampson,* 924 S.W.2d 617, 618[4] (Mo.App.1996). Since nothing in this record as of January 13, 2000, refutes or contradicts the presumption that Respondent knew the law and applied it when he sustained Relator's ap-

---

1. Rule 51.07 provides: "If the judge is interested or related to any party or shall have been counsel in the civil action, or is recused for any reason, the judge promptly shall transfer the case to the presiding judge of the circuit for reassignment in accordance with the procedures of Rule 51.05(e)."

plication, we presume Respondent disqualified himself for reasons described in Rule 51.07 or Rule 2.03, Canon 3E of the Code of Judicial Conduct.[2]

■ Case law teaches a disqualified judge has no further power to act in a case except to transfer it to another judge. *Helton Const. Co.*, 865 S.W.2d at 422[2]. An order entered by a judge disqualifying himself or herself under authority of Rule 51.07 is effective upon making the docket entry. *Helton Const. Co.*, 865 S.W.2d at 422[3]; *Byrd*, 613 S.W.2d at 699. A trial judge's purported order made after a docket entry of disqualification is void. *Byrd*, 613 S.W.2d at 699–700[11]; *State ex rel. Banks v. Price*, 228 Mo.App. 530, 70 S.W.2d 130, 132 (1934). Applying these principles, we hold Respondent's order dated January 20, 2000, purporting to set aside his self-disqualification, is void.

In reaching this conclusion, we recognize the factual differences between *Byrd* and this case. There, Judge Moore (Division II judge) disqualified himself and transferred the case to Judge Northern (Division I judge), yet, purported to make further rulings after disqualification and transfer. It was in that factual context, which we held: "[T]he orders made [by Judge Moore] after the initial docket entry of disqualification ... were void." 613 S.W.2d at 699–700[11]. Moreover, Judge Maus who authored the *Byrd* opinion, cautioned against reading it too broadly, saying: "As the case had been transferred to Division I, this court need not consider whether or not a judge may under any circumstances revoke his self-disqualification." 613 S.W.2d at 700, n. 9.

■ Even so, we remain steadfast in our belief Respondent could not revoke his self-disqualification here. When disqualification of a judge is at issue, relevant rules should be interpreted "consistent with the preservation of both fairness and the appearance of fairness for the litigants." *State of Missouri ex rel. Ott v. Bonacker*, 791 S.W.2d 494, 496 (Mo.App. 1990). "It is vital to public confidence in the legal system that decisions of the court are not only fair, but also appear fair." *State ex rel. Wesolich*, 794 S.W.2d at 695. A judge must recuse in any case in which his or her impartiality might reasonably be questioned. Rule 2.03, Canon 3E. "The law is very jealous of the notion that a judge should be impartial." *State ex rel. Wesolich*, 794 S.W.2d at 697. Thus, when a judge self-disqualifies (recuses), he or she could only set aside the order of disqualification and still preserve the appearance of fairness and impartiality *if the record shows the recusal reasons no longer exist.* Otherwise, the impropriety or appearance of impropriety remains in the case, and one or more of the litigants would have to submit their case in a court where they could sincerely and reasonably question the judge's impartiality. " '[N]o system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where the litigant sincerely believes the judge is incompetent or prejudiced....' " *State ex rel. Raack v. Kohn*, 720 S.W.2d 941, 943 (Mo.banc 1986) (quoting *State ex rel. McNary v. Jones*, 472 S.W.2d 637, 639–40 (Mo.App.1971)). The crucial need for public confidence in the judicial system requires us to liberally apply the law in favor of disqualification. *State v. Schoeberl*, 915 S.W.2d 340, 341 (Mo.App.1996) (citing *Raack*, 720 S.W.2d at 943).

■ This record does not allow us to find that whatever triggered Respondent's self-disqualification on January 13,

---

**2.** Rule 2.03, Canon 3E(1) provides, *inter alia*, that "[a] judge shall recuse in a proceeding in which the judge's impartiality might reasonably be questioned...." The Canon then lists certain specific instances when a judge must recuse. However, as noted in the "Commentary" to Canon 3E(1) "a judge is disqualified whenever the judge's impartiality might reasonably be question[ed], regardless whether any of the specific rules in Canon 3E(1) apply."

2000, no longer existed on January 20, 2000. In so stating, we do not ignore a letter written by attorney John Sims to Respondent on January 19, 2000.[3] By the letter, Sims (who represents Relator's former wife) suggested that a change of judge was not sustainable per Rule 51.05(a) and "[t]here is no application made for cause." We recognize "facts stated in the petition for [a] writ [of prohibition] will be taken as true and the matter ruled in a manner similar to a motion for judgment on the pleadings." *McCarney v. Nearing, Staats, Prelogar and Jones,* 866 S.W.2d 881, 886 (Mo.App.1993). Even so, the Sims letter cannot be read as pleading Respondent's *reason* for disqualifying. At most, the letter revealed Sims' position regarding Respondent's disqualification: First, in his letter, Sims speculated the reason Respondent disqualified was his mistaken reliance on Rule 51.05; and second, the letter revealed Sims' apparent misconception that self-disqualification per Rule 51.07 required an "application made for cause." We also note Respondent's answer to Relator's writ petition was signed and verified by Sims, not by Respondent. As written, the answer simply *assumed* Respondent's *mistaken* use of rule 51.05 was the reason Respondent sustained Relator's motion. If, in fact, Respondent's disqualification stemmed from such a mistake, it would have been simple enough for Respondent to have stated that fact via affidavit attached to the answer. As this did not happen, the presumption Respondent knew and applied the law on January 13, 2000, remains unrebutted. Confining our decision to the circum-

stances of this case and relying on the authority cited herein, we hold once Respondent disqualified himself he had no authority to proceed. Respondent's January 20, 2000, order purporting to set aside his disqualification order is void. We therefore make the writ of prohibition absolute.[4] We prohibit Respondent from taking any further action in the underlying cause, other than transferring the case to the presiding judge of the circuit for reassignment in accordance with the procedures of Rule 51.05(e).

PARRISH, P.J., CONCURS IN RESULT.

MONTGOMERY, J., CONCURS.

---

**3.** Relator attached attorney Sims' letter to the Petition for Writ of Prohibition and, by reference, incorporated the letter as part of Relator's pleading. Respondent's answer admitted the authenticity of the letter; consequently, the letter is properly before us.

**4.** We do not ignore *State v. Purdy,* 766 S.W.2d 476 (Mo.App.1989), which Respondent cites for the proposition "that a party can waive the disqualification expressly or by conduct and [the waiving party can] not thereafter complain about the judge's participation." Relying on that principle, Respondent avers

that Relator's "[f]iling a request for a change of judge under Rule 51.05 when clearly not entitled to a change of judge because of expiration of time should constitute such a waiver." This argument fails for two reasons. First, nothing in this record supports the notion that Relator filed his application under Rule 51.05. Second, the fact that a preemptory disqualification is time-barred does not prevent a party from requesting that a judge recuse himself or herself. *Garner,* 799 S.W.2d at 954[1].