

# Missouri Court of Appeals

### Southern District

### Division Two

| | |
|---|---|
| STATE OF MISSOURI EX REL. JAVAN GONZALEZ, | ) ) ) |
| Relator, | ) No. SD 36960 |
| | ) |
| vs. | ) **Filed: April 15, 2021** |
| | ) |
| HONORABLE LAURA J. JOHNSON, | ) ) |
| Respondent. | ) |

## PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT

Javan Gonzalez ("Relator") seeks a writ of prohibition to prevent the Honorable Laura J. Johnson ("Respondent") from proceeding in two underlying cases after Respondent disqualified herself and after both cases were transferred to another judge. The underlying cases involve a motion to modify and a motion for contempt. Relator is a party in both litigation actions.

On October 9, 2019, Respondent entered a Judgment and Order of Paternity and Custody in 18CT-DR00095 ("the paternity action"). On December 23, 2020, Relator filed the motion to modify in case number 18CT-DR00095-01 (the "Modification case") and the motion for contempt in the paternity action. Respondent continued as the trial judge on both cases.

On December 30, 2020, Relator filed an "APPLICATION FOR CHANGE OF JUDGE BY MATTER OF RIGHT" "pursuant to Section 452.410.2"[1] in the Modification case and a separate "APPLICATION FOR CHANGE OF JUDGE BY MATTER OF RIGHT" "pursuant to Rule 51.05" in the paternity action.[2] In both motions, Relator requested the Judge "change the Judge from Judge Laura J. Johnson . . . and to transfer the same to a different Judge[.]"

On January 5, 2021, without hearing or notice to either party, Respondent made the following docket entry in the Modification case: "Defendant's Motion for Change of Judge is sustained. Per local rules, the Clerk will transfer this case to Division 2. /s/ Judge Laura Johnson[.]" In the paternity action, the docket entry of January 5, 2021 stated as follows: "**Judge/Clerk – Note** This case is being transferred to Division 2 . /s/ Laura Johnson[.]"

On January 12, 2021, Respondent purported to set aside her January 5, 2021 self-disqualification via this docket entry entered in both cases:

> In the original 18CT-DR00095 case, this [c]ourt entered Judgment and Order of Paternity and Custody on October 9, 2019. Case No. 18CT-DR00095-01 is a Motion to Modify filed by [Relator]. On December 30, 2020 [Relator] filed a Motion for Change of Judge by Matter of Right in Case No. 18CT-DR00095-01, which the [c]ourt sustained on January 5, 2021, transferring this case to Division 2. That transfer was in error, as the Motion for Change of Judge by Matter of Right had no merit. Rule 51.05 states that motions to modify child custody, child support, or spousal maintenance filed pursuant to Chapter 452 RSMo., are not independent civil actions unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent action. Thus, the Motion to Modify did not trigger the right to a change of judge. . . . Accordingly, the [c]ourt's Order transferring Case No. 18CT-DR00095-01 to Division 2 is withdrawn. Likewise, the Order entered by the [c]ourt on January 5, 2021 transferring Case No. 18CT-DR00095 to

---

[1] Section 452.410.2 states: "[i]f either parent files a motion to modify an award of joint legal custody or joint physical custody, each party shall be entitled to a change of judge *as provided by supreme court rule*." (Emphasis added.) All statutory citations are to RSMo. (2016).

[2] All rule references are to Missouri Court Rules (2020).

Division 2 is withdrawn. Both cases 18CT-DR00095 and 18CT-DR00095-01 are properly pending in Division 1.
        /s/ Judge Laura Johnson

Thereafter, Relator filed his petition for prohibition with this Court requesting we prohibit Respondent from taking any further action in either case and declaring any actions or orders made by Respondent subsequent to the January 5, 2021 self-disqualification order to be void. This Court issued a preliminary writ of prohibition on January 26, 2021.[3] We now make the preliminary writ of prohibition absolute.

## Analysis

This Court has authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1. "A writ of prohibition is available to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended." *State ex rel. Manion v. Elliott*, 305 S.W.3d 462, 463 (Mo. banc 2010).[4]

Here, even though the motion for modification and the motion for contempt were assigned separate and distinct case numbers by the circuit clerk for processing purposes, they are both, nevertheless, a part of and included in the paternity action. Per Rule 51.05 regarding a change of judge, the motion to modify is not an independent action because the same judge that entered the paternity judgment remained the designated judge in the paternity action at the time the motion to modify was filed. *See* Rule

---

[3] The preliminary writ stated that "briefing shall proceed in accordance with Rule 84.24(h)."
[4] Following guidance from the Supreme Court of Missouri, we use the term "authority" rather than "jurisdiction" because "[d]iscussion of circuit court jurisdiction should be confined 'to constitutionally recognized doctrines of personal and subject matter jurisdiction.'" *State ex rel. Country Mut. Ins. Co. v. Hon. Brian H. May*, SC98650, slip op. at 4 n.3 (April 6, 2021) (quoting *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009)).

3

51.05(a).[5] Furthermore, "[a] contempt hearing is not a separate suit[;] [i]t is the court's enforcement of its prior judgment." ***Grissom v. Grissom***, 886 S.W.2d 47, 55 (Mo. App. W.D. 1994). A "contempt motion is not a 'civil action,' as that term is used in Rule 51.05[.]" ***Minor v. Minor***, 901 S.W.2d 163, 167 (Mo. App. E.D. 1995). The only relevant question at any relevant time, therefore, is the identity of the designated trial judge in the paternity action.

At the time both the motion to modify and the motion for contempt were filed, it is undisputed that Respondent, who had entered the paternity judgment, remained designated as the trial judge in the paternity action. It is also undisputed that Relator had previously exercised his Rule 51.05 right to a change of judge in the paternity action in April 2018, which resulted in the transfer of the case from another judge to Respondent. Relator, nevertheless, filed a motion seeking a second and unauthorized Rule 51.05 change of judge in the paternity action. Respondent then entered an order on January 5, 2021 sustaining the motion for change of judge in the Modification case thereby signifying her self-disqualification as the designated trial judge in the paternity action.

In his brief, Relator asserts that our decision in ***State ex rel. Thexton v. Killebrew***, 25 S.W.3d 167 (Mo. App. S.D. 2000), requires us to presume that Respondent's disqualification on January 5, 2021, was a Rule 51.07[6] recusal because Respondent had no other available legal basis upon which to support her January 5,

---

[5] In pertinent part, Rule 51.05(a) states: "[f]or purposes of this Rule 51," where proceedings involve "motions to modify child custody, child support, or spousal maintenance filed pursuant to chapter 452," such proceedings are not independent civil actions "unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent action."

[6] Rule 51.07 provides, "If the judge is interested or related to any party or shall have been counsel in the civil action, or *is recused for any reason*, the judge promptly shall transfer the case to the presiding judge of the circuit for reassignment in accordance with the procedures of Rule 51.05(e)." (Emphasis added.)

4

2021, self-disqualification order. Respondent has chosen not to challenge the asserted application of the **Killebrew** presumption and has also failed to point us to anything in the record indicating that it should not apply or was somehow rebutted.[7] As there was no legal reason for Respondent to disqualify under Rule 51.05, and based upon the **Killebrew** presumption and the record before us, we presume that Respondent's January 5, 2021 order was a voluntary Rule 51.07 recusal, which required no reason or explanation be made. *See **id.*** at 170-71.

"An order entered by a judge disqualifying himself or herself under authority of Rule 51.07 is effective upon making the docket entry." ***Id.*** at 171. Once a designated judge in an action enters a Rule 51.07 recusal, that judge loses any authority to enter any further orders in the action other than to effectuate a legally authorized transfer to another judge. ***Id.*** Any other order made by the recused judge thereafter is void. ***Id.*** Respondent's decision to voluntarily recuse herself, once made, was irrevocable.

Because Respondent had no authority to enter any further orders in the paternity action after her Rule 51.07 recusal on January 5, 2021, our preliminary writ of prohibition is made absolute.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

[7] Rather than filing a responding brief, Respondent filed a motion with this Court foregoing any responding brief and requesting this Court proceed with deciding the case based only upon Relator's brief and the record.

5