WILSON v. BROWN.

No. 512.

United States District Court
W. D. Kentucky, Owensboro Division.

Aug. 6, 1952.

S. O. Heilbronner, Henderson, Ky., W. C. Welborn and Milford M. Miller, Evansville, Ind., for plaintiff.

Clarence Bartlett, of Woodward, Bartlett & McCarroll, Owensboro, Ky., for defendant.

SWINFORD, District Judge.

William G. Himmelbauer was at all times referred to in the record and is now a resident of the State of Indiana. He is a minor, nineteen years of age. He allegedly was injured by the defendant in a highway motor accident in Henderson County, Kentucky. The defendant is and was at all times recited in the record a resident of the State of Michigan.

The plaintiff, a resident of Kentucky, qualified as the guardian of Himmelbauer and instituted this action alleging diversity of citizenship and the jurisdictional amount.

The defendant by his answer in paragraph one attacks the validity of the order of the Henderson County Court appointing the guardian and in paragraph two the right of such guardian to bring this action.

It is the defendant's contention that the guardian is not a proper party and such action must be brought by the next friend of the minor. He cites and relies on subsection 4 of Section 35, Kentucky Civil Code of Practice, Carroll's Tenth Edition. That section provides:

"4. Non-resident infant or person of unsound mind. The action of an infant, or of a person of unsound mind, who resides in a foreign country, and who has a guardian, curator, or committee residing therein, may be brought by such guardian, curator, or committee, or by his next friend."

In this view the defendant is in error. The matter is determined not by subsection 4, but rather by subsection 1, of Section 35 of the Civil Code. The pertinent part of that section is quoted as follows:

"1. Action by person under disability. The action of a person who is under disability must be brought by his guardian, curator, or committee, if he have one residing in this State, * * *."

It is thus seen that subsection 4 applies only where a non-resident infant has a guardian in the state of his residence and where he has no duly qualified and acting guardian in this state.

In the complaint it is alleged by the plaintiff that he is the duly appointed and regularly acting guardian and that he resides in this state. If he is permitted to qualify under the law he would have a right to maintain this action.

Section 387.020 KRS, setting forth the jurisdiction of county courts over guardians provides among other things that a guardian may be appointed for a non-resident minor if he has personal property in the state and that the county court of the county in which the personal property is located shall have such jurisdiction.

The plaintiff's ward has no tangible personal property in Kentucky. He has a right of action or chose in action in Henderson County, where the alleged accident occurred.

 It is argued by counsel for the defendant that the right of action is not personal property within the meaning of the statute. In this counsel is in error. Chesapeake & O. Ry. Co. v. Ryan's Adm'r, 183 Ky. 428, 209 S.W. 538. The whole matter is covered by the following quoted language in the case of Deupree, Ancillary Administrator, v. Levinson, reported in 6 Cir., 186 F.2d 297, 300:

"It is not necessary that the assets relied upon as a basis for local administration should be tangible. A mere claim or right of action enforceable within the jurisdiction, such as the present death action, will support a grant of administration. This is the established law of Kentucky. Chesapeake & Ohio Ry. Co. v. Ryan's Adm'r, 183 Ky. 428, 209 S.W. 538. In this case the intestate received the injury resulting in his death in Carter County, Kentucky, but died in West Virginia. The Court of Appeals held that the Carter County court had jurisdiction to appoint the plaintiff as administrator, notwithstanding the intestate was a non-resident of Kentucky, his death occurred in another state, and he left no property or indebtedness due him in Kentucky other than his right of action. Cf. Austin's Adm'r v. Pittsburg, C., C. & St. L. Ry. Co., 122 Ky. 304, 91 S.W. 742, 743, 5 L.R.A.,N.S., 756, which held that where a non-resident has been killed in Kentucky by the tort of another, administration upon the estate of the non-resident decedent will be granted in Kentucky, because the statute which gives the right of action to the estate of the decedent for his death 'ex necessitate rei' confers jurisdiction by implication to appoint an administrator to prosecute the suit.

"In Brown's Adm'r v. Louisville & N. R. Co., 97 Ky. 228, 232, 30 S.W. 639, the court declared that the county where the decedent was injured and died was the proper county to grant administration; later Chesapeake & Ohio Ry. Co. v. Ryan's Adm'r, supra, 183 Ky. at page 430, 209 S.W. 538, held

that the occurrence of the injury alone is sufficient."

 By this right of action to recover for tort the plaintiff had personal property in Henderson County, Kentucky, and could have a guardian appointed in that county. Consequently, since the order of the Henderson County Court was valid the plaintiff had a right to prosecute this action in his name as guardian, duly qualified and acting.

The motion to dismiss the first and second defenses set forth in the answer should be sustained. Orders to that effect are this day entered.