GREGORY *v.* COLVIN, JUDGE.

5-2845 363 S. W. 2d 539

Opinion delivered January 14, 1963.

*Bernard Whetstone,* for petitioner.

*Thomas D. Wynne, Jr.* and *Frank W. Wynne,* for respondent.

JIM JOHNSON, Associate Justice. This is a petition for a writ of mandamus directing the respondent Circuit Judge to set a case for trial.

In September, 1959, petitioner, Bessie Gregory, filed suit in the Circuit Court of Dallas County against Fred Thompson and Henry Thompson, d/b/a Thompson Buick Company, in tort for conversion of cash belonging to petitioner. On November 16, 1959, the case was tried before a jury of twelve and resulted in a hung jury, seven to five in favor of petitioner. The trial court declared a mistrial and dismissed the jury. Thereafter on January 23, 1961, the case was again tried and again resulted in a deadlocked jury, six to six. After several requests for resetting the case for trial, on June 18, 1962, the respondent entered an order permanently denying petitioner's request for trial, stating that, ''The Court

is of the opinion that any future trial of this case would simply again result in a deadlocked jury and a mistrial and cause the county further wasted expense." From this order comes this petition for writ of mandamus.

In support of her petition, petitioner contends that the trial court's order effectively and permanently denies her a trial and final adjudication of her rights and deprives her of property without due process of law.

This is apparently a case of first impression. We have been unable to locate any cases in Arkansas or any other jurisdiction that are directly in point.

Petitioner's suit in tort is a "chose in action". It is defined in 73 C.J.S., Property, § 9b, as follows:

"A chose in action means, literally, a thing in action, and is the right of bringing an action, or a right to recover a debt or money, or a right of proceeding in a court of law to procure the payment of a sum of money, or a right to recover a personal chattel or a sum of money by action, . . ."

It is basic property law that a chose in action is personal property. The right to sue for damages is property. See 73 C.J.S., Property, §§2, 9, generally; also *Redfern* v. *Collins*, 113 F. Supp. 892 (Tex.); *Willis* v. *Franklin*, 131 F. Supp. 668, (Tenn.); *Wilson* v. *Brown*, 106 F. Supp. 500 (Ky.).

The California District Court of Appeal, in *Werner* v. *Southern California Associated Newspapers*, 206 P. 2d 952, stated the rule as follows:

"The right to recover actual damage is property and the constitutional guarantees of that right are the same as of other property rights, hence an injured party cannot be deprived thereof without due process of law, which means that he is entitled to a hearing and determination by a court of law."

In the case at bar, petitioner has sued and had two trials, both of which resulted in mistrials. A mistrial is often defined as being equivalent to no trial; certainly

there has been no final determination of petitioner's cause of action. Petitioner contends that to deny her another trial is to deprive her of property without due process of law, in contravention of the constitutional guarantees.

Section 13 of Article 2, Declaration of Rights, of the Constitution of Arkansas, is as follows:

"Redress of Wrongs.—Every person is entitled to a certain remedy for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase, completely, and without denial, promptly and without delay, conformably to the laws."

Similar protections are provided in the Constitution of the United States:

"Amendment 14, § 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Respondent contends that his order was "conformably to the laws". The "laws" referred to are Arkansas Statutes §§ 27-1735 and 27-1736, which state:

"Discharge of jury. The jury may be discharged by the court on account of sickness of a juror, or other accident or calamity requiring their discharge, or by consent of both parties, or after they have been kept together until it satisfactorily appears that there is no probability of their agreeing. [27-1735]

"New Trial After Discharge. In all cases where the jury are discharged during the trial, or after the cause is submitted to them, it may be tried immediately or at a future time, as the court may direct." [27-1736]

Respondent argues forcefully that the key word in the above statutes is "may", and that by usual statutory construction "may" is directory or permissive rather than mandatory. With this we agree. Rereading these two statutes, it seems apparent that the legislature intended them to be permissive, to give the trial court discretion in the discharge of juries and in the setting of new trials. However, we cannot go so far as to say that the usual and natural meaning of the words of the statutes, in particular § 27-1736, extends to "may or may not be tried again". From the usual and natural meaning, the legislature apparently intended that the trial court could direct *when* the cause would be tried—immediately or at a future date—not *whether* it could be tried. To hold that the statute gives the trial judge the discretion to bring a cause of action to an untimely end would be holding that a statute could abrogate a constitutional right. The classic and beautiful language of Article 2, § 13 of our Constitution expresses the opinion of this court clearly: "He ought to obtain justice freely, and without purchase, completely, and without denial, promptly and without delay, conformably to the laws".

Writ granted.

Not participating: McFADDIN and HOLT, JJ.