**In re SMITH, RICHARDSON & CONROY, INC., Debtor.**

**Bankruptcy No. 85–00073–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

March 12, 1985.

Brian K. Gart, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for debtor.

Michael D. Millhorn, Miami, Fla., for Florida Power & Light Co.

### ORDER REGARDING UTILITY DEPOSIT

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 11 case was filed on January 15. On February 21, the debtor moved under 11 U.S.C. § 366(b) that it be relieved of any requirement to post a deposit or any other form of adequate assurance of payment in order to continue receiving service from Florida Power & Light Co. The motion was heard on March 4.

Section 366(b) provides, in effect, that a utility may not stop service within 20 days after bankruptcy. Thereafter, it may discontinue service if neither the trustee nor the debtor *within 20 days*:

> "furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date."

The utility has demanded a deposit of $25,000 which approximates the cost of service for three months, based upon this debtor's average consumption for the previous 12 months. I take judicial notice that this utility has routinely applied this formula with respect to all cases since, at least, 1977.

**6**

 The debtor neither made the deposit nor requested a court hearing until long after the 20–day period had expired. The debtor now argues that because it was not in default in paying this creditor, it should not be required to give any deposit or any other adequate assurance, other than to prepay its utility bill. I disagree.

I do not consider that an offer to prepay a utility bill provides adequate assurance to a utility. I do not find the utility's demand for a security deposit unreasonable in this instance. In *Matter of Security Investment Properties, Inc.*, 559 F.2d 1321, 1326 (5th Cir.1977), the court held under the former Act:

> "While a public utility has a duty to serve, neither its history of past service nor its franchise to serve in the future may fix upon it a duty to provide unsecured future service to a Chapter XI debtor."

 It was that decision and others like it which prompted § 366 of our present Code. That section recognizes that a utility may discriminate against a debtor solely on the basis of the commencement of a case by requiring adequate assurance of future payment by a deposit or other security. The amount of the deposit and security remain subject to this court's review. In *Security Investment Properties, Inc.*, the court noted that:

> "No prefiling debts are involved here. Georgia Power only requested security for future services."

I have not overlooked the two contrary decisions by a bankruptcy court in Pennsylvania nor the lengthy opinion of a colleague in Ohio (which does not really pass on this point). The debtor relies on these three cases and a fourth case by the bankruptcy court in Atlanta, which appears to have no bearing on utility deposits at all. I decline to follow the Pennsylvania decisions, which I consider to be inconsistent with the provisions of § 366 as well as the Circuit decision, which I find more persuasive. The remaining two decisions are not helpful with this issue.

The utility is requested to continue service to the debtor for ten days after the entry of this order to afford the debtor an opportunity to make a deposit of $25,000.