The Honorable Dan Dane Prosecuting Attorney First Judicial District P.O. Box 987 Forrest City, Arkansas 72335
Dear Mr. Dane:
This is in response to your request for an opinion on the proper construction of Section 1(G) of Act 989 of 1985, (A.C.A. 9-12-312
(g) (Supp. 1987).)
That statute involves the acceptance of child support payments by the court clerk. It provides:
 (g) The clerk may accept the support payment, in any form of cash or commercial paper, including personal check, and may require that the custodial parent or nonobligated spouse be named as payee thereon.
Your question, relative to this section is as follows:
 Does the phrase ". . . may accept the support payment in any form of cash . . ." mean that the acceptance of cash, as payment, is discretionary, thereby permitting the clerk to reject cash as a form of payment?
It is my opinion that the answer to your questions is "no".
Ordinarily the word "may", when found in a statute, is directory or permissive, rather than mandatory. GREGORY v. COLVIN, 235 Ark. 1007,363 S.W.2d 539 (1963). It has also been held that the word "may", as used in a statute, is used in its permissive sense when it relates to form and manner, but when the provision of the statute is the essence of the thing required to be done, the word "may" is mandatory. LOVETT v. STATE 267 Ark. 912, 591 S.W.2d 683
(1979).
Additionally, the following language from Sutherland, STATUTORY CONSTRUCTION, (4th Ed. 1984) is, in my opinion, relevant:
 The form of the verb used in a statute, i.e., something "may", "shall" or "must" be done, is the single most important textual consideration determining whether a statute is mandatory or directory. It is still not the sole determinant, and what is naturally connotes can be overcome by other considerations. . . .
Consideration must be given to the legislative history, the language of the statute, its subject matter, the importance of its provisions, their relation to the general object intended to be accomplished by the act, and finally, whether or not there is a public or private right involved.
Sutherland, SUPRA at 57.03, (citations omitted).
It is my opinion, in light of the foregoing, that 9-12-312(g) does not authorize the clerk to reject cash as a form of payment. It is my opinion that the legislative intent behind this provision was to empower the clerk to accept a broad range of payment methods, in order to advance the possibility that the payments will actually be made. It is possible to read the statute as directory only, meaning that the clerk "may" accept payment in cash, and does therefore not HAVE to accept payment in cash. The statute does not say the clerk "shall" accept payment in cash. The statute must be construed, however, to give effect to the legislative intent. RAGLAND v. ALPHA AVIATION, 285 Ark. 182,686 S.W.2d 391 (1985). It is my opinion that allowing the clerk to reject cash as a form of payment would not be consistent with the legislative intent.
Although the ability to reject cash as a form of payment for child support obligations might aid the administrative ease with which these payments are processed by the clerk's office, it is my opinion that the more important legislative objective is to facilitate the making of the payments for the payor. The rejection of cash as a form of payment may have a deterrent effect on the making of child support payments. It is likely that some obligors do not maintain checking accounts, as to do so requires a certain expense, however small. Similarly, obtaining a money order, or other form of guaranteed payment, involves an additional fee, not to mention the added procurement time. It is my opinion that these considerations outweigh the ordinarily permissive use of the word "may" in the statute. Thus, I cannot conclude that the clerk is authorized to reject cash as a form of child support payment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.