AGRIBANK, FCB, f/k/a The Federal Land Bank of St. Louis, Plaintiff,

v.

Horace E. CUPPLES, Jr., individually; and Horace E. Cupples, Jr. and the Unknown Heirs of Jacob W. Cupples d/b/a Cupples Brothers, A Partnership; Gracie Cupples; Dorothy A. Cupples; Gloria J. Cupples; Horace E. Cupples, III; Vincent Cupples; and United Agri Products Financial Services, Inc.; Defendants.

No. J–C–92–285.

United States District Court, E.D. Arkansas, Jonesboro Division.

March 18, 1993.

Order on Reconsideration Oct. 25, 1993.

William A. Waddell, Jr., Friday, Eldredge & Clark, Little Rock, AR, for plaintiff.

Roy C. Lewellen, Lewellen & Associates, Marianna, AR and Robert S. Irving, Sommermeyer, Wick, Dow & Campbell, Fort Collins, CO, for defendants.

## ORDER

ROY, District Judge.

Now before the Court are the parties' cross-motions for summary judgment. The Court agrees that there are no material facts at issue and that the matters before the Court can be decided as a matter of law.

Plaintiff AgriBank, FCB, formally known as The Federal Land Bank of St. Louis (its predecessor in interest), has brought this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and *Ark. Code Ann.* § 16–66–418. The plaintiff and separate defendant United Agri Products Financial Services, Inc. ("UAP") are both creditors of the remaining defendants, who will be collectively referred to as the Cupples. Complete diversity exists between the parties. An abbreviated summary of the facts follows.

### I.

The Cupples family, in its several legal forms, has engaged in farming in east Arkansas since at least 1979. A fraud perpetrated against them by a grain company dealt them a financial blow from which they have never recovered. Numerous lawsuits have resulted, two of which directly concern the case currently before this Court.

One of those two suits was tried by this Court, *Federal Land Bank of St. Louis v. Cupples Brothers, et al.,* Case No. J–C–86–021, which resulted in a large judgment in favor of The Federal Land Bank, the predecessor in interest of AgriBank. After several appeals to the Eighth Circuit and the sale of certain collateral, the current balance on the judgment in plaintiff's favor now approaches $700,000.

The other suit of interest is one currently pending in the Circuit Court of Crittenden County (Arkansas), *Cupples Brothers v. Forrest City Production Credit Association,* No. CIV–83–335.

Separate defendant UAP is the successor in interest to Delta Distributors, Inc., a business entity which had sold farm chemicals to the Cupples on credit. The Cupples are now indebted to UAP in the amount of almost $500,000.

These two large creditors of the Cupples, AgriBank and UAP, both apparently believe that the only significant hope that either of them has to recover anything from the Cupples is for the Cupples to prevail in their suit pending in state court. The creditors have taken different steps toward that end.

The plaintiff has apparently caused writs of execution to be issued and served on the judgment debtors as well as the Crittenden County Circuit Court for the purpose of putting a lien on the pending action. Plaintiff then filed this suit.

On the other hand, UAP executed an agreement with at least some members of the Cupples family in April 1987 whereby UAP agreed to totally release the Cupples from their obligation to UAP in exchange for 40% of whatever proceeds the Cupples might eventually realize in their state court action. Presumably, this meant the debt was extinguished even if the Cupples never receive a dime in their lawsuit.

In their cross-motions for summary judgment, the creditors ask the Court to declare the priority of their respective liens. For the reasons set out below, this Court declines to do so.

### II.

#### A. The federal claim

The contingent nature of both AgriBank's and UAP's ability to recover anything from the Cupples makes the legal question of which entity has the superior lien somewhat hypothetical. To support declaratory judgment action, there must be an actual "controversy" under the Declaratory Judgment Act. *United Public Workers v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947) (overruled on other grounds by *Adler v. Bd. of Education,* 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517 (1952)). The Act states, in pertinent part, "[i]n a case of *actual controversy* within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

seeking such declaration...." 28 U.S.C. § 2201 (emphasis added).

■ The distinction between an abstract question and an actual controversy as contemplated by the Act is largely one of degree. *Joslin v. Sec. of the Treasury,* 832 F.2d 132 (10th Cir.1987). "The question is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Super Tire Engineering Company v. McCorkle,* 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

"The contingent nature of the right or obligation in controversy will not bar a litigant from seeking declaratory relief when the circumstances reveal a need for a present adjudication." *Allendale Mutual Insurance Co. v. Kaiser Engineers,* 804 F.2d 592 (10th Cir.1986). However, because there will be no money to fight over unless the Cupples prevail in their state action, there is no immediate need to decide the priority of the liens. The situation might be different had the parties shown the Court that there was the risk of some right being lost if the legal question were not decided right now, *e.g.,* the right to sue, to appeal, to subrogate, etc. (*See, e.g., Ibid,* at 595, where the Tenth Circuit distinguishes the facts of that case from those present in *National Valve & Mfg. Co. v. Grimshaw,* 181 F.2d 687 (Tenth Cir.1950), a case where the district court saw no immediate need to decide an issue and dismissed a case as premature.)

The contingent nature of this dispute was well summarized by UAP in one of its briefs:

The Crittenden County action has been ongoing since 1983 and to date there has been no trial and no judgment entered by the Court, nor is one anticipated in the near future.... No one can say with any degree [of] certainty at this time when that case will finally be tried and/or when the Court will render its judgment. Nor can it be said with any degree of probably what the final judgment of the Court will be. It is probable that any judgment of the Court would be the subject of future appeals.

*UAP's motion for summary judgment and brief* at 8–9.

The contingent nature of the availability of funds to satisfy the respective liens, together with the lack of "sufficient immediacy" to warrant making a declaratory finding now, as opposed to later should the need arise, gives good cause to dismiss the plaintiff's declaratory judgment action. Same is dismissed *without prejudice* to plaintiff's right to refile.

## B. Plaintiff's state claim

■ Remaining is the plaintiff's state claim under *Ark.Code Ann.* § 16–66–418. The statute provides in pertinent part:

(a)(1) After an execution of fieri facias directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned by the proper officer ... [and there was] no property found to satisfy the execution, the plaintiff in the execution may institute an action ... in the court from which the execution issued, or in the court of any county in which the defendant resides or is summoned, for the discovery of any money, *chose in action,* equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the money, *chose in action,* equitable or legal interest, and all other property to which the defendant is entitled to the satisfaction of the judgment.

§ 16–66–418(a)(1) (emphasis added).

Just what is a "chose in action" was discussed by the Arkansas Supreme Court in *Gregory v. Colvin,* 235 Ark. 1007, 363 S.W.2d 539 (1963).

Petitioner's suit in tort is a "chose in action." It is defined in 73 C.J.S. Property § 9b, as follows:

A "chose in action" means, literally, a thing in action, and is the right of bringing an action, or a right to recover a debt or money, or a right of proceeding in a court of law to procure the payment of a sum of money, or a right to recover

a personal chattel or a sum of money by action, * * *.

It is basic property law that a chose in action is personal property. The right to sue for damages is property. *Ibid,* 363 S.W.2d at 540. The Supreme Court in *Gregory,* in a matter of first impression, not only confirmed that a chose in action was property, but also stated that to deny someone of same violated the Fourteenth Amendment of the United States Constitution.

Thus, this Court concludes that if there is legal authority in this state to attach a writ of execution to property in general, and of course there is, then that right must also extend to cover choses in action.

Accordingly, pursuant to *Ark.Code Ann.* § 16–66–418, the Court orders that the Cupples are to immediately comply with said statute and provide the plaintiff, under oath and otherwise in compliance with the statute, a schedule of all their property. Furthermore, the Court declares there to be a lien on said properties, subject to execution, pursuant to *Ark.Code Ann.* § 16–66–418(d). However, the Court specifically declines to prioritize the respective liens of the plaintiff and separate defendant UAP, for the same reasons set out in Part II–A of this opinion.

### III.

The pending motions for summary judgment are therefore granted in part and denied in part. The plaintiff's declaratory judgment action is dismissed *without prejudice.* The Court orders this case closed for administrative purposes, subject to reopening at the request of the parties or otherwise by the order of the Court.

IT IS SO ORDERED.

### *ORDER ON RECONSIDERATION*

By previous order, the Court took up the parties' cross-motions for summary judgment. The plaintiff had brought a federal claim pursuant to the Declaratory Judgment Act and a state claim under *Ark.Code Ann.* § 16–66–418. Both the plaintiff and separate defendant United Agri Products Financial Services, Inc. ("UAP"), two large creditors of the remaining defendants (collectively referred to as "the Cupples"), had urged the Court to set out the relative priority of the two corporations' respective purported liens.

After finding that no "controversy" existed within the meaning of the Act and pertinent caselaw, the declaratory judgment action was dismissed without prejudice. On the state claim, the Court noted that under Arkansas law, a chose in action is personal property. The Court therefore determined that a pending state court claim of the Couples (against other parties) is subject to the plaintiff's judgment lien.[1] The Court also directed the "Cupples" defendants to comply with A.C.A. § 16–66–418 by providing plaintiff a schedule of all their property.

Now before the Court is the motion of separate defendant UAP for clarification and reconsideration (DOC # 33). More specifically, the Court is again asked to find that a controversy exists within the meaning of the Act and then to determine whether each side has a valid lien and, if so, which has priority. After having carefully reexamined the well done briefs the principals originally filed, together with those submitted subsequent to the Court's summary judgment order, the Court concludes that there is no reason to change the Court's original holding. The parties are simply seeking an advisory opinion regarding priority of claims to a *possible* pot of gold at the end of a litigation rainbow that is now ten years old and counting, with no pot yet in sight. The motion to reconsider is denied.

However, the Court will clarify one point. The Court never addressed in its Order, and because of the nature of the Court's decision, never had reason to address, the question of whether UAP even has a valid lien. For one, the business and legal dealings of the Cupples family have been undertaken by family members in several combinations of individuals, partnerships, etc., but there appears to be some question as to whether all of them

---

1. As set out in the underlying order, that judgment was obtained by plaintiff's predecessor in interest in this Court in the case of *Federal Land* *Bank of St. Louis v. Cupples Brothers, et al.,* Case No. J–C–86–021, which resulted in a large judgment in favor of The Federal Land Bank.

"signed on" when UAP accepted an assignment of "40% of the proceeds" of the Cupples state court lawsuit in exchange for releasing the Cupples from their debt to UAP.

Furthermore, it is far from clear that such an assignment is even valid under Arkansas law. In short, the Court has not held, and does not hold, that UAP has any kind of valid lien. The Court expresses no opinion on that point. Rather, the point of part II–A of the Court's previous order was that even if one assumes that both of the purported claims are valid, the Court nevertheless refuses to hear a declaratory judgment action at this time to prioritize the purported liens. With that explanation, the original order stands.

Also before the Court is the plaintiff's motion of September 13, 1993 (DOC # 35) to have the Cupples defendants show cause why they have not complied with Ark.Code Ann. § 16–66–418 by providing plaintiff a schedule of defendant's property, as specifically directed by this Court. Defendants have not yet responded.

The Cupples shall comply with said statute no later than October 25, 1993, or show cause why they should not be held in contempt.

IT IS SO ORDERED.