**In re Ann J. NEWTON, Debtor.**

**Bankruptcy No. 97–57081.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Dec. 18, 1997.

Brett Jaffe, Columbus, OH, for First Knox National Bank.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

Nicholas W. Jones, Delaware, OH, for Debtor.

### OPINION AND ORDER SUSTAINING OBJECTIONS TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the debtor's request for confirmation of an amended chapter 13 plan. The chapter 13 trustee ("Trustee") and First Knox National Bank ("First Knox") have objected to confirmation.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334 and the standing order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

As filed on October 27, 1997 the debtor's amended plan proposes to pay to the chapter 13 trustee $2900 each month for 16 months, $3400 for 14 months, $3600 for 12 months, $3800 for 12 months and $4000 for 6 months for distribution to allowed secured and priority claims and a 100% dividend to allowed unsecured claims. The plan further assumes the lease of a restaurant for which the debtor is the lessor. The plan proposes that the debtor pay directly the mortgage on her residential real property for the 16 months remaining on the term of that mortgage. Finally, the plan proposes to either sell the commercial real property or to refinance the mortgage against it by May 31, 2000 when the assumed lease expires. It is the funds saved by the payoff of the residential mortgage and the funds coming from a refinance or sale of the restaurant property that permit the monthly payments to the Trustee to increase.

First Knox alleges in its objection that the plan was not proposed in good faith. Both First Knox and the Trustee allege that the plan is not feasible.

This is the debtor's third chapter 13 case. Both prior cases were dismissed for nonpayment and both were initiated to save the same commercial real property that is proposed to be sold or refinanced in this case. Funds to be paid to the Trustee come from the lease of the property. Therefore, the lease must produce revenues to the debtor sufficient to make the proposed payments or the property must be sold. Refinancing could reduce the payments required to service First Knox's mortgage which appears to be much less than the $300,000 scheduled value of the property. However, there are approximately $166,000 of federal tax liens and $17,000 in judgment liens against the property which also must be paid. The restaurant equipment is liened. There are approximately $34,000 in priority claims and $66,495 of unsecured claims scheduled or filed. Except for monthly net wages of $274 and $605 in social security income, the

monthly lease payment from the lessee of the restaurant is the source for the payments to the Trustee. The lease has been in effect only since June of 1997.

A debtor must show that her proposed plan is feasible to satisfy the confirmation requirement of 11 U.S.C. § 1325(a)(6). The first time that effort is made, even if challenged by a party in interest, doubts are often resolved in favor of the debtor's proposed reorganization. If that effort fails after confirmation and the debtor returns in a later case with yet another proposed plan, the scrutiny of feasibility is increased if parties in interest object. Where the second effort has also failed and the debtor returns for a third time and parties object, the debtor must convince the Court that the payments are very likely to be made.

[4] Convincing the Court that the payments proposed can be made requires the debtor to introduce evidence of such ability. In a case like this one, where refinancing or sale of real property is proposed after the end of a lease term, the debtor must show that the lessee's operation is producing the cash flow sufficient to enable the payments to be made to the Trustee and that the sale or refinancing is likely to occur and in sufficient amounts to complete the plan. No such showing was made. Indeed, the debtor failed to produce the lease, any appraisal, or any records of the lessee's operations which could be a basis for determining the price at which the property could be sold. Instead the Court was left only with statements of debtor's counsel that the payments could be made and that the property could be sold in 2000. In a third chapter 13 case dealing with a proposed sale of property which has failed to sell in two prior instances, this effort does not satisfy the debtor's burden of proof on the feasibility issue.

Accordingly, the Court sustains the objection of First Knox as to feasibility only and the objection of the chapter 13 trustee. The Court finds that the plan proposed by the debtor is not feasible and cannot, therefore, be confirmed.

The debtor is given twenty (20) days to convert this case to chapter 7. If no such conversion is requested, the Court will dismiss the case.

**IT IS SO ORDERED.**