**In re Robert James EPLING, Elizabeth Pauline Epling, Debtors.**

**No. 00–50508.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

July 26, 2000.

Stephen E. Schafer, Columbus, OH, for Debtors.

Theodore J. Gallagher, Columbus, OH, for Columbia Gas of Ohio, Inc.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

## OPINION AND ORDER ON OBJECTION TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the objection of Columbia Gas of Ohio, Inc. ("Columbia") to the confirmation of a chapter 13 plan proposed by debtors Elizabeth and Robert Epling.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334 and the General Order of Reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

The debtors have proposed a chapter 13 plan that pays $474.34 each month to the chapter 13 trustee for full payment of secured and priority claimants and a dividend of 18% to unsecured claimants over a period of 40 months. Paragraph (16)i. of the plan further provides that "Any utility provider requiring an adequate assurance payment in the nature of a deposit shall file a separate claim with the Trustee for such deposit which shall be paid by the trustee as an administrative expense. No deposit shall be required of the Debtor(s) directly." It is this provision to which Columbia objects.

On May 2, 2000 the Court heard Columbia's objection. Essentially Columbia argues that the utility deposit provision causes a six-week delay in its receipt of the deposit. Columbia asserts that 11 U.S.C. § 366 does not suggest that a security deposit can be put in a plan or that a proof of claim can be required prior to receipt of such a deposit. Columbia notes that the debtors' case was filed on January 26, 2000 and the deadline for filling a proof of claim was not until May 30, 2000. Therefore, Columbia concludes that a utility would be at risk for four months even if a plan is confirmed. Such delay is seen as at odds with the requirements of § 366. Further, if the plan is not confirmed, the utility provision does not protect the utility for postpetition service provided.

The debtors oppose Columbia's objection and argue that the legislative history of § 366 does not foreclose an administrative expense as a procedure for adequate assurance to a utility which must provide postpetition service to a debtor in bankruptcy. The debtors further assert that under Ohio law a utility company cannot charge a deposit to a customer unless there is a delinquency in excess of two months. The debtors are required to pay for postpetition services, the payment to the trustee is intended to cover any legitimate deposit required and § 366 of the Bankruptcy Code should not be interpreted so as to give a utility company any right to a deposit that it would not have outside of bankruptcy. The debtors believe that providing an orderly process for payment of a deposit through the trustee protects the utility and also protects the debtors in the event the utility has claimed a deposit to which it is not entitled. Having the proof of claim on file provides a mechanism for any objection to the amount claimed or for challenging any right to the deposit. Certainly no payment would be made by the trustee without either a proof of claim or a court order entered after a written request.

After the hearing, the chapter 13 trustee filed a memorandum which set forth the procedures followed by his office for the payment of administrative expenses related to utility companies. That memorandum stated that any claim filed by a utility pursuant to a plan provision similar to ¶ (16)i of these debtors' plan would be

coded as a claim entitled to priority disbursement. As such, that claim would be paid in the monthly disbursement next occurring after the proof of claim is filed and would be paid ahead of any secured, priority unsecured or general unsecured claim. There are no distributions made to any creditors until after confirmation as required by 11 U.S.C. § 1326.

In a random sample of deposit claims filed by Columbia, the trustee found that payment had been issued to Columbia within three to six weeks after its proof of claim was filed. The trustee contends that his procedures satisfy the adequate assurance requirement imposed by § 366 when the proof of claim clearly identifies that all or part of it is for a required deposit. Columbia did not file any response to the trustee's memorandum.

■ Chapter 13 of the Bankruptcy Code is designed to provide a streamlined process under which debtors use their disposable income to repay their creditors at least as much as those creditors would receive had the debtors chosen a liquidation remedy under chapter 7 of the Bankruptcy Code. There are thousands of these cases filed each year in this judicial district alone.

■ A chapter 13 debtor typically is left in control of his or her income and assets except for what is paid to a standing trustee to be disbursed to creditors with proper proofs of claim on record. In only a percentage of these cases is a deposit authorized under non-bankruptcy law to be collected from a debtor because of the magnitude of a prepetition default in utility payments. Utilities also vary in their use of the deposit remedy authorized under state regulations. Therefore, it is not reasonable to expect debtors' counsel to be able to predict when a demand for a legitimate deposit will be made and to advise a debtor what funds would be required. In addition, a chapter 13 debtor's postpetition expenses are scrutinized by the court, the trustee and creditors as part of the confirmation process. Monies could not be withheld merely for a contingency such as a deposit. It seems entirely reasonable to this Court to permit debtors to include in their plan payments an allowance for any deposit demand a utility company may make. That process allows the debtor to propose plan payments in a feasible amount which can also take care of an unexpected demand for a deposit. If the deposit demand is not made, then those funds are paid to other claimants.

■ Section 366 of the Bankruptcy Code states:

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due. (b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

This section effectively enjoins a utility company from terminating service to a debtor postpetition. The exception to that injunction is the authorization in § 366(b) for a change in utility service if, within 20 days after the date of the order for relief, the utility company has not received adequate assurance of payment from a debtor or a trustee, which assurance, by way of a deposit or other security, is authorized to be demanded under state regulation or other non-bankruptcy law. Nothing in § 366 expands the utility's right to demand a deposit. On the contrary, § 366 is an injunction to ensure non-discriminatory

treatment of bankruptcy debtors by utility companies. *See Begley v. Philadelphia Electric Co. (In re Begley),* 760 F.2d 46 (3rd Cir.1985).

This Court finds that a debtor's plan provision which essentially earmarks a portion of the funds paid to the chapter 13 trustee for payment of any required deposit is adequate assurance of payment under § 366(b). Once the funds are paid to the trustee and the plan is confirmed, if the utility has filed a proof of claim for the deposit amount, the payment will be made. Rule 3015 of the Federal Rules of Bankruptcy Procedure requires the chapter 13 plan to be filed with the petition or within 15 days thereafter. That time frame is within the 20 days required by § 366 for the furnishing of adequate assurance. It is the proposed earmarking, followed by the actual payment to the trustee, that provide the adequate assurance.

Columbia has challenged the requirement that it file a proof of claim or any other form of "request" for such payment and asserts that § 366 is intended to be self-executing. In a typical no-asset chapter 7 case where the debtor's postpetition income is not part of the bankruptcy estate and the trustee is not administering any assets, that self-execution undoubtedly happens. The utility company makes a demand on the debtor and, if that demand is not satisfied, utility service may be affected. In a chapter 13 case, however, the debtor's postpetition expenditures are carefully scrutinized. Further, the trustee is not authorized to disburse funds without either an allowed claim or a court order. Accordingly, the burden of requiring documentation for this expense seems reasonable rather than offensive to the statute. Certainly there would have to be a written request to the debtor for a deposit even outside of a bankruptcy setting. The proof of claim requirement is no more than that. There has to be some form of written request and document trail.

Columbia also expressed concern about the length of time prior to the claims bar date and how that affects distribution. That concern is not valid, however. Columbia controls how long it takes to file its claim. Columbia does not have to wait until near the end of that filing period. There is nothing in these debtors' plan that requires all utility deposit claims to be of record before any can be paid. Disbursements to secured claimants and administrative expenses may begin before the claims bar date has passed.

Relevant to Columbia's objection, but not relevant to this particular case because the plan proposed by these debtors will be confirmed, is the problem of the deposit when a plan is not confirmed and the case is dismissed. Section 1326 of the Bankruptcy Code requires the trustee to retain a debtor's payments, which must begin prior to the confirmation hearing, until confirmation is granted or denied. If confirmation is granted, the trustee then pays any properly claimed deposit of record. If confirmation is denied, however, the trustee must return the payments to the debtor. Subsection (a)(2) of § 1326, however, permits the trustee, in the unconfirmed situation, to deduct any unpaid claim allowed under § 503(b). The Court believes that Columbia would have a valid objection in any chapter 13 case in which the plan is not confirmed if the plan language fails to provide for the allowance under § 503(b)(1)(A) of any properly claimed utility deposit. Perhaps such protection should routinely be inserted into plan "utility provisions." Further, if the plan "earmarking" provision is not followed by actual payments to the trustee, § 366(b) provides a remedy to the utility.

Based on the foregoing, the objection of Columbia Gas of Ohio, Inc. to the chapter 13 plan proposed by Robert and Elizabeth Epling is hereby **OVERRULED**. An order confirming that plan will be entered forthwith.

**IT IS SO ORDERED.**