In re Eddie WELLS, Jr., Belinda
J. Lewis, Debtors.

In re Ricky A. Walker, Ernestine
L. Walker, Debtors.

In re William C. Sanders, Jesseca
L. Sanders, Debtors.

In re Christine Oliver, Debtor.

Nos. 00–14351–MAM–13, 00–14633–
MAM–13, 00–14753–MAM–13,
00–14898–MAM–13.

United States Bankruptcy Court,
S.D. Alabama.

March 16, 2001.

702

---

David S. Clark, Selma, AL, for Debtors.

Edward J. Peterson III, Balch & Bingham LLP, Birmingham, AL, for Alabama Power Company.

ORDER GRANTING DEBTOR'S MOTION TO WAIVE ALABAMA POWER COMPANY POSTPETITION DEPOSIT REQUIREMENT AND ALLOWING DEBTOR TO ENTER INTO AN AGREEMENT IN WHICH THE AUTOMATIC STAY WOULD NOT APPLY TO ALABAMA POWER AND THE DEBTORS WOULD CONTINUE THEIR PREPETITION ARRANGEMENT WITH ALABAMA POWER COMPANY

MARGARET A. MAHONEY, Chief Judge.

■ These cases are before the Court on the Motions of the Debtors to waive the Alabama Power Company postpetition deposit requirement in exchange for the following agreement that would be incorporated in the Debtors' chapter 13 plans:

The debtor agrees to continue paying prepetition and postpetition electrical service bills directly to Alabama Power company in the ordinary course of business as adequate assurance of future payment under Section 366 of the United States Bankruptcy Code. The debtor further agrees that the automatic stay does not apply to Alabama Power Company's efforts to collect electrical service debt.

■ The Court has reviewed the proposed language and the case law cited by the parties that establishes that Alabama Power Company would have a right to request a deposit postpetition but for the agreement. See, e.g., *In re Smith, Richardson & Conroy,* 50 B.R. 5 (Bankr. S.D.Fla.1985); *In re Epling,* 255 B.R. 549 (Bankr.S.D.Ohio 2000); *Hanratty v. Philadelphia Electric Company,* 107 B.R. 55 (E.D.Pa.1989). The agreement allows the debtor to continue to receive electrical power without a deposit, but requires the lifting of the stay as to any enforcement or termination proceedings in the future. The Court concludes that the agreement is reasonable, not prejudicial to other creditors, and is a fair bargain considering the law.

THEREFORE IT IS ORDERED that the Motions of the Debtors to waive Alabama Power Company's postpetition deposit requirement, or, in the alternative, to determine whether the postpetition deposit requirement is allowable under the automatic stay is GRANTED to the extent that the Debtors are authorized to enter into the agreement stated above and have the agreement's language incorporated into their plans.