**In re Vicki V. PARKER, Debtor.**

No. 02–13597.

United States Bankruptcy Court,
E.D. Tennessee,
Southern Division.

Oct. 17, 2002.

Kenneth C. Rannick, Kenneth C. Rannick, P.C., Chattanooga, TN, for Debtor.

Allison Ulin Lynch, Paty, Rymer & Ulin, P. C., Chattanooga, TN, for Sunrise Acceptance, Inc.

## MEMORANDUM

R. THOMAS STINNETT, Bankruptcy Judge.

This chapter 13 case is before the court on an objection by Sunrise Acceptance, Inc., ("Sunrise") to confirmation of the debtor's proposed chapter 13 plan. Sunrise objects to a provision in the plan that will require it to automatically release its security interest in the debtor's vehicle before she completes the plan.

■ About six months before the debtor filed her chapter 13 case, she financed the purchase of a 1997 Saturn automobile. Sunrise holds the promissory note and security agreement, and its security interest is noted on the certificate of title. The debtor's proposed chapter 13 plan provides that she will retain the 1997 Saturn and will pay Sunrise its allowed secured claim plus interest. The plan fixes the value of the vehicle—the amount of Sunrise's allowed secured claim—at $4,887. It provides for 14% interest on the allowed secured claim and payments of $265 per month to Sunrise. 11 U.S.C. §§ 506(a) & 1325(a)(5)(B). Sunrise has not objected to these provisions.

If the plan said nothing more as to Sunrise's claim, and the court confirmed the plan, Sunrise would become obligated to release its lien on the car when the debtor completes the plan. *In re McPherson*, 230 B.R. 99 (Bankr.E.D.Ky.1999); *see also* 11 U.S.C. § 101(37), (50), (51) (security interest as one kind of lien). The proposed plan, however, includes an "early release" requirement set forth in parentheses in the following plan provision:

> The debtor proposes that ... the holders of the following allowed secured claims retain the liens securing such claims (until their allowed secured claims have been paid in full, at which times the liens will be released) ....

At the confirmation hearing, the debtor's attorney proposed a contingent modification of the plan depending on the court's ruling: if the court sustains the Sunrise objection, the plan will be modified by deleting the early release requirement.

For the reasons set forth in this opinion, the court concludes that the plan cannot be confirmed with the early release requirement. The court's conclusion does not rest on the proposition that bankruptcy law prohibits early release. The court concludes that the early release requirement asks the court to rule on an issue that is not ripe for decision. The court's order will confirm the plan without the parenthetical early release requirement, as requested by the debtor in the contingent modification.

Consider two different situations:

### (1)

The confirmed plan does not provide that a secured creditor must release its lien after its allowed secured claim has been paid in accordance with the plan. The debtor has completed payment of the allowed secured claim in accordance with the plan and has filed a motion to compel the creditor to release its lien. The debtor has not completed the plan.

In this situation, most of the relevant facts should have already occurred. The debtor has completed the plan payments on the allowed secured claim. The debtor still has the collateral and wants it released from the lien immediately, and the secured creditor has refused to execute a release. The court must decide whether the law allows it to order the secured creditor to release the lien at that time.

### (2)

The plan provides that after a secured creditor has received all the plan payments on its allowed secured claim, the creditor must release its lien, but a secured creditor has objected to confirmation of the plan.

In this situation the relevant facts have not occurred. The early release requirement appears to limit the relevant facts to the debtor's full payment of the allowed secured claim. The creditor might be barred from opposing early release on other grounds, such as events that occurred or information that was obtained after confirmation. This raises a possible problem with the early release requirement, but the court need not consider that problem *if* the law prohibits the court from requiring a creditor to release its lien before the debtor completes the plan. If that is the law, then the plan cannot include the early release requirement. 11 U.S.C. § 1325(a)(1).

Courts that prohibit early releases have relied on Bankruptcy Code § 349(b)(1)(C). 11 U.S.C. §§ 349(b)(1)(C). It sets out a general rule that dismissal of a case reinstates any lien that was voided under § 506(d). For the purpose of argument, the court assumes lien avoidance under § 506(d) is relevant. 11 U.S.C. § 506(d); *compare Harmon v. United States*, 101 F.3d 574 (8th Cir.1996) *with In re Thompson*, 224 B.R. 360, 363–365 (Bankr. N.D.Tex.1998).

Despite § 349(b)(1)(C), early release of a lien will probably prevent its reinstatement if the chapter 13 case is dismissed after the release. This leads to the proposition that a plan cannot include an early release requirement because early release contradicts § 349(b)(1)(C). 11 U.S.C. §§ 349(b)(1)(C) & 1325(a)(1); *In re Moore*, 275 B.R. 390 (Bankr.D.Colo.2002); *Thompson*, 224 B.R. 360.

■■■ The reinstatement rule of § 349(b)(1)(C) is not absolute. Reinstatement may be impossible in some situations. Section 349(b)(1) also provides that the court can, for cause, order that dismissal does not reinstate a lien. This implies the power to enter an order *before* dismissal providing that a subsequent dismissal will not reinstate a particular lien; an order for early release of a lien might qualify as such an order. In any event, § 349 explicitly allows the court, when it dismisses a case, to order that the dismissal does not reinstate a particular lien, such as a lien that has already been released. 11 U.S.C. § 349(b)(1)(C). Thus, early release is possible without contradicting the rule in § 349(b)(1)(C) that dismissal reinstates a lien voided under § 506(d).

Other courts have held that early release should not be granted because it is contrary to the underlying policy of § 349(b). *In re Scheierl*, 176 B.R. 498 (Bankr.D.Minn.1995); *In re Jones*, 152

B.R. 155 (Bankr.E.D.Mich.1993); *In re Pruitt,* 203 B.R. 134 (Bankr.N.D.Ind.1996). This reasoning does not mean that early release contradicts the statute.

Of course, the courts that have allowed early release have concluded that § 349(b)(1)(C) does not absolutely prohibit it. *See, e.g., In re Shorter,* 237 B.R. 443 (Bankr.N.D.Ill.1999); *In re Nicewonger,* 192 B.R. 886 (Bankr.N.D.Ohio 1996); *In re Murry–Hudson,* 147 B.R. 960 (Bankr. N.D.Cal.1992).

The majority rule seems to be that § 349(b) does not absolutely prohibit early release of a lien after payment of the allowed secured claim but before completion of the plan. The court agrees, and as a result, it cannot decide this dispute on the legal ground that early release is prohibited by § 349(b)(1)(C), as Sunrise suggests.

But, the law may still prohibit early release. Some courts have disapproved early release provisions on the ground that allowing early release opens the door for abusive use of chapter 13. *Scheierl,* 176 B.R. 498; *Jones,* 152 B.R. 155. The theory is that a debtor can obtain confirmation of a plan that looks like a good faith effort as to all claims even though the debtor really intends to obtain the early release of certain liens and then dismiss the case. 11 U.S.C. § 1307(b).

This reasoning would be more convincing if the danger of abuse were greater. *Compare Scheierl,* 176 B.R. 498; *Jones,* 152 B.R. 155; *with Murry–Hudson,* 147 B.R. 960; *In re Johnson,* 213 B.R. 552 (Bankr.N.D.Ill.1997). There are practical problems with the potential abuse. The main one is ineffectiveness. Dismissal leaves the debtor in debt. 11 U.S.C. § 1328(a). The possible fraud is likely to be worth the effort only for a debtor with a small number of unsecured debts (not counting any partially secured debts). The

courts may find other ways to penalize debtors who are caught in fraud after it is too late to revoke confirmation. Instead of justifying a ban on early release, the potential for abuse argument illustrates why the early release question should not be considered until the debtor has actually paid the allowed secured claim. The debtor will have the burden of proving that the facts at that time justify an early release; post-confirmation events should provide more evidence of the debtor's intent; and the parties may resolve the problem without involving the court. Furthermore, the potential for abuse argument applies primarily to an early release provision in a plan, a provision that will not be approved if the court allows the debtor to request an early release only after payment of the allowed secured claim.

There is also a theory that early release contradicts the overall bargain between the debtor and creditors that is inherent in the structure of chapter 13. *Scheierl,* 176 B.R. 498, 505. The overall structure of the relevant bankruptcy law will sometimes provide a clear answer to a question. The court disagrees with the reasoning in this situation, however, because the relevant statutes, in this court's opinion, do not provide such a clear answer.

■ The court concludes that the law does not absolutely prohibit early release; therefore, the court cannot dispose of the confirmation question on the ground that early release is never allowed.

■ Since there is no absolute prohibition of early release, the court has established a vague general rule that obtaining an early release is possible. The plan's early release requirement adopts a more definite rule. It provides that the debtor is entitled to release of a lien as soon as she completes payment of the allowed secured claim. Even if the general rule of

bankruptcy law is that the court can require release of a lien after the allowed secured claim has been paid, that does not mean the court should confirm a plan that proposes to apply the rule in the future, without regard to post-confirmation events or information.

The early release requirement may never apply to Sunrise's lien. Post-confirmation events may prevent the early release question from ever coming up between the debtor and Sunrise. Many chapter 13 cases are dismissed on motion of the trustee or a creditor for failure to carry out the plan, and the debtor has an almost unrestricted right to voluntarily dismiss a chapter 13 case. 11 U.S.C. § 1307(b), (c). A variety of other post-confirmation events may break the connection between Sunrise and the debtor or between Sunrise and its collateral before the early release requirement would apply to Sunrise. 3 Keith M. Lundin, *Chapter 13 Bankruptcy* §§ 262.1, 263.1 & 264.1 (as to post-confirmation plan modifications); 11 U.S.C. §§ 363, 364 & 1329; *Chrysler Financial Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir.2000).

The possibility that the early release requirement will never apply to Sunrise's lien does not necessarily prevent the court from deciding, for the purpose of confirmation, whether the early release requirement coincides with the general rule of bankruptcy law. Another problem, however, weighs against deciding that question now.

Assume nothing changes between the debtor and Sunrise after confirmation except that the debtor finishes paying Sunrise's allowed secured claim. Pursuant to the early release requirement in the plan, the debtor demands a release, but Sunrise refuses. Sunrise relies on events that occurred or information it obtained after confirmation. How far along is the debtor in performance of the plan? How well has the debtor performed the plan? Do the facts indicate that the debtor is likely to complete the plan? Has the debtor engaged in any wrongdoing toward Sunrise or other creditors? Does it appear the debtor never intended to complete the plan? The debtor makes the counter-argument that confirmation of the plan with the early release requirement estops Sunrise from raising these questions. 11 U.S.C. § 1327(a).

The possibility of such an estoppel highlights the problem with making a decision now. Confirming a plan with an early release provision amounts to an order by the court to every secured creditor whose claim is provided for under § 1325(a)(5)(B) to release its lien once its allowed secured claim has been paid. This order will give the debtor a great advantage in obtaining an early release and will put secured creditors at a great disadvantage. The court should not enter such an order as part of confirmation because the court cannot possibly have before it all the facts that should be relevant to early release. When the debtor finishes paying an allowed secured claim is the earliest point at which the facts may allow a fair decision on early release. The facts at this time are not sufficiently developed for the court to make a fair decision. *In re EPIC Associates V*, 62 B.R. 918, 930 (Bankr.E.D.Va. 1986); *In re Trans World Airlines, Inc.*, 169 B.R. 91 (Bankr.D.Del.1994); 13A, Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3232 (1984).

Furthermore, neither the debtor nor Sunrise needs an immediate decision for purposes of this chapter 13 case. The plan calls for early release merely as a side effect of paying the allowed secured claim. As far as the court can tell, the timing of the lien release made no difference to the plan's treatment of Sunrise's allowed secured claim. Likewise, the early release

provision apparently did not influence the bargaining between Sunrise and the debtor as to the amount of the allowed secured claim or the interest rate. The court's refusal to decide the early release question now will not require any plan modifications unrelated to the early release requirement. It will not leave the debtor with an unconfirmable plan and no guidance on how to make it confirmable. In summary, the debtor does not need a decision on the question for the purpose of proposing or carrying out a confirmable chapter 13 plan.

As to Sunrise, the court's decision that the question of early release cannot be decided now prevents the early release provision from being given effect. *EPIC Associates V,* 62 B.R. 918, 930. This aids Sunrise in two ways. The plan will not impose on Sunrise an automatic duty to release its lien after payment of its allowed secured claim. Likewise, confirmation of the plan cannot possibly prevent Sunrise from subsequently contesting the debtor's right to an early release.

Neither the debtor nor Sunrise will suffer any significant hardship if the court does not decide the early release question at this time. The court has already pointed out the benefits to Sunrise. The debtor would prefer to have a ruling in her favor since that would make it easier for her to obtain an early release. The lack of a ruling, however, will not put her in an immediate dilemma. She can simply carry out the proposed plan without early release as an automatic side effect of paying Sunrise's allowed secured claim. The court's refusal to decide the early release issue now will not impose on Sunrise or the debtor any hardship that weighs in favor of making an immediate decision. *See First Federal Savings Bank and Trust v. Ryan,* 927 F.2d 1345, 1354–1355 (6th Cir.1991), *cert. den.* 502 U.S. 864, 112 S.Ct. 187, 116 L.Ed.2d 148 (1991), *reh.*

*den.,* 502 U.S. 1000, 112 S.Ct. 626, 116 L.Ed.2d 647 (1991); *Gun Owners' Action League, Inc. v. Swift,* 284 F.3d 198, 206–208 (1st Cir.2002); *Trans World Airlines, Inc.,* 169 B.R. 91.

In summary, the facts relevant to early release are not before the court; neither the debtor nor Sunrise needs an immediate decision for purposes of the chapter 13 case; and the lack of an immediate decision will not impose any hardship on the debtor or Sunrise. The question of whether the debtor can obtain an early release of Sunrise's lien cannot be considered until the facts have developed—when the debtor has finished paying the allowed secured claim. *EPIC Associates V,* 62 B.R. 918, 930; *Clinton v. Acequia, Inc.,* 94 F.3d 568 (9th Cir.1996); *Trans World Airlines, Inc.,* 169 B.R. 91; *see also First Federal Savings Bank and Trust v. Ryan,* 927 F.2d 1345; *Agribank FCB v. Cupples,* 850 F.Supp. 780 (E.D.Ark.1993).

Most plan provisions based on contingent future events are not subject to the objection that they require the court to render a premature or advisory opinion. *See, e.g., In re Newton,* 217 B.R. 1002 (Bankr.S.D.Ohio 1997); *In re Epling,* 255 B.R. 549 (Bankr.S.D.Ohio 2000). But the early release requirement in the debtor's plan does raise that problem and cannot be given effect. In light of the debtor's contingent modification of the plan, the court will enter an order confirming the plan as modified by deleting the early release requirement.

This Memorandum constitutes findings of fact and conclusions of law as required by *Fed. R. Bankr.P.* 7052.