**In re Lois SALLIS, Debtor.**

No. 04–30404(2).

United States Bankruptcy Court, W.D. Kentucky.

June 1, 2004.

Russ Wilkey, Owensboro, KY, for Debtor.

William W. Lawrence, Louisville, KY, trustee.

Joseph J. Golden, Office of U.S. Trustee, Louisville, KY, U.S. Trustee.

### MEMORANDUM OPINION

THOMAS H. FULTON, Bankruptcy Judge.

THE MATTER before the Court arises from the Objection to the above named

Debtor's Chapter 13 Plan filed by the Creditor, AmeriCredit Financial Services, Inc. ("Creditor"). Based upon the entire record in this case, and for the reasons set forth below, the Court holds that the automatic early release provision in the Debtor's Chapter 13 Plan is neither enforceable at this time nor is the issue ripe for adjudication.

By virtue of 28 U.S.C. § 157(b)(2)(L) this is a core proceeding. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FINDINGS OF FACT

The Debtor borrowed funds from the Creditor for the purchase of a 2000 Oldsmobile Alero, and the loan was secured by the collateral value of the automobile. On January 22, 2004, the Debtor filed a voluntary petition and plan under the Chapter 13 of the Bankruptcy Code. The Creditor filed an Objection to the Debtor's Chapter 13 Plan ("Objection") on February 20, 2004. The Creditor objected to the Plan on four separate issues: (1) valuation of the car; (2) allowed interest rate; (3) lien release upon payment in full of the secured portion of the claim; and (4) feasibility.

The Debtor duly responded to the objections and the Court held a hearing on confirmation on March 3, 2003. At the confirmation hearing, counsel for the Creditor agreed to the Chapter 13 Trustee's appraisal of the car at $5000, and the Trustee's determination that the Plan was feasible. This eliminated two of the Creditor's objections. The Plan was provisionally confirmed March 4, 2003, and the remaining objections of the Creditor were addressed by a separate Order of the Court. In the separate Order, the Court ordered a 10% interest rate on the secured claim and essentially held in abeyance the objection regarding when the lien would be released. The Court ordered the parties to file briefs on this remaining issue and took the matter under submission.

## CONCLUSIONS OF LAW

A Chapter 13 Debtor may include any appropriate provision in a Chapter 13 Plan not inconsistent with the Bankruptcy Code. 11 U.S.C. § 1322(b)(10). In the present case the Creditor objects to a specific provision contained in the Debtor's Chapter 13 Plan of Reorganization:

(2)(C) *Determination of Secured/Unsecured Claims: Effect on Liens.* A claim of a creditor is only a Secured Claim if it is not avoided (see Paragraph(D) below) and the only the extent of the value of the creditor's interest in the collateral, that is the value of such creditor's interest in the bankruptcy estate's interest in the property. The balance of the amount due such creditor is an Unsecured Claim. 11 U.S.C. Sec. 506, 1325(a)(5), (13). The creditor's lien as to the Unsecured Claim is void, **and upon completion of payments due on a Secured Claim, the collateral shall be redeemed and the creditor shall release its lien** even though said creditor's Unsecured Claim has not been paid. (emphasis in original).

The provision in question is arguably a permissive plan provision under § 1322(b)(10). If the Creditor had not objected, then this Court, upon recommendation of the Chapter 13 Trustee, probably would have confirmed the Plan as filed. The Creditor, however, did file a timely objection in this case.

Based upon the entire record in this case, the Court holds that it does not have the necessary facts before it necessary to render a judicial decision on the Plan's early release provision. *See, for example, In re Parker,* 285 B.R. 394, 395 (Bankr. E.D.Tenn.2002). Neither party will suffer

a hardship or windfall by this holding as each will be in the same position when (and if) the secured portion of the debt is paid as it is now. The Debtor argues that she would benefit from an early release because she could use the vehicle released from the lien as a down payment on another automobile, thereby "enhancing the likelihood" that she would complete the Plan. This supposition is entirely too speculative for the Court to consider at this time and is embedded in the same future circumstances that prevent the Court from ruling on the early release provision.

The Creditor raises the concern that it will be precluded from protecting its interest in the future if the matter is not fully adjudicated now, citing *In re Murry–Hudson* 147 B.R. 960 (Bankr.N.D.Cal.1992). This concern in unfounded. The court in *Murry–Hudson* granted the debtor's motion to compel the creditor to release a lien upon complete payment of the secured portion. *Id.* at 964. The creditor failed to object to the provision prior to confirmation in the Chapter 13 plan that allowed for early release. *Id.* at 962. The court ruled that the opportunity to object had passed and the creditor was bound by the provision. *Id.*

At this time the early release provision in the Debtor's plan is stricken from the Plan because present circumstances do not warrant the inclusion of such a provision, and the issue is not ripe for adjudication. This finding is without prejudice to the Debtor filing a stand-alone motion at a later time, pursuant to Federal Rule of Bankruptcy Procedure 9013, seeking an order to have the Creditor release its lien on the 2000 Oldsmobile Alero after the Debtor has paid in full the allowed secured portion of the claim.

### ORDER

THIS CORE PROCEEDING is before the Court on the Objection to Chapter 13 Plan filed by the Creditor, AmeriCredit Financial Services, Inc. Pursuant to the Court's Memorandum opinion entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Objection of the Creditor will be SUSTAINED with respect to the Chapter 13 Plan provision that requires early release of a lien prior to the Plan being completed. This provision shall be deleted from the Plan and the Plan will be confirmed accordingly.

IT IS ALSO ORDERED, ADJUDGED, and DECREED that this finding is without prejudice to the Debtor filing a stand-alone motion at a later time, pursuant to Federal Rule of Bankruptcy Procedure 9013, seeking an order to have the Creditor release its lien on the 2000 Oldsmobile Alero after the Debtor has paid in full the allowed secured portion of the claim.